[Home Ins. Co. *v.* Davis.]

# Home Insurance Company *versus* Davis.

1. A. effected a policy of insurance against fire upon his house and the personalty therein, which policy contained, *inter alia*, a clause providing that persons sustaining a loss should forthwith give notice thereof in writing to the company and as soon thereafter as possible render a particular account of such loss signed and sworn to by them. A total loss having occurred under the policy, the local agents at A.'s request at once notified the company. About a month later a special agent of the company inspected the ruins and got from A. statement under oath of the origin of the fire and the extent of the loss. A month later still, criminal proceedings were, at the instance of the company, instituted against A. on the charge of having himself set fire to his house. These terminated in A.'s acquittal. Afterwards, three months having elapsed since the fire, A. forwarded to the company proofs of loss, which were returned to him as unsatisfactory, but accompanied by proper blanks which he was requested to fill out and transmit. He did so, and received in reply a letter from the general adjuster of the company acknowledging their receipt. Suit being subsequently brought by A. against the company upon the policy, the court left it to the jury to say whether proofs of loss were made as soon after the fire as possible under all the circumstances of the case, and a verdict was rendered for the plaintiff. *Held*, that the company could not complain of this instruction, as it was more favorable than they were entitled to.

2. *Semble*, that as far as the house was concerned, the loss being total, the original notice sent by the local agents was of itself a sufficient compliance with the terms of the policy without other or further statement of loss, but *aliter* as to the personalty.

3. *Semble*, moreover, that the facts of the case showed an unqualified acceptance by the company of the proofs of loss, and that the court might have so instructed the jury.

4. Whether the sworn statement obtained from A., by the special agent of the company as to the origin of the fire and extent of the loss was a sufficient compliance with the provisions of the policy as to proofs of loss, without more, not decided.

June 7th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clinton county:* Of May Term 1881, No. 167.

Debt, by Thomas Davis, against the Home Insurance Co. of the City of New York, on a policy of fire insurance.

On the trial, before ORVIS, A. L. J., the following facts appeared :—On July 31st 1877, Thomas Davis obtained, through Chapman & O'Connor, local agents of the insurance company defendant, a policy of insurance of $1,000 upon his dwelling-house and contents, situated in Lockhaven, Pennsylvania.

The policy contained, *inter alia*, the following clause:

" 9. Persons sustaining loss or damage by fire shall forthwith give notice of said loss in writing, to the company, and, as soon thereafter as possible, render a particular account of such loss, signed and sworn to by them."

On the night of July 7th 1878, the house and its contents were totally destroyed by fire. Immediately after the fire, Davis had a conversation with Chapman, the local agent, in which the latter stated that he would send the company notice of the fire, and such a notice was in fact sent by Chapman & O'Connor, the local agents.

On October 4th 1878, a sworn statement and proof of loss was forwarded by Davis to the home office of the company, to which the special agent of the company replied that it was not made out in due form and could not be accepted. He enclosed blanks to be filled up and returned, stating that upon receipt thereof, the same would have due attention. On December 12th 1878, amended proofs of loss were forwarded to and received by the company, to which the general adjuster replied that the same had been forwarded to the special agent, who had the matter in charge, and if he should require any further information touching the loss, he would call for it in due time. No further communication was received by Davis from the company or its agents. The defendant objected to the admission in evidence of the above proofs of loss, on the ground that they were not made in time. Objection overruled; exception.

Prior to the furnishing by Davis of the first proofs of loss, viz., on August 15th 1878, the company by its agent, Chapman, caused Davis to be arrested on the charge of burning his house, with intent to defraud the insurance company, on which charge he was tried in the Quarter Sessions and found not guilty.

Upon the trial of this cause, the company defendant introduced evidence, which they claimed tended to show that Davis set fire to the property.

The court submitted to the jury the questions whether the proofs of loss were made as soon after the fire as possible under all the circumstances of the case; and whether the property was fraudulently destroyed.

Verdict and judgment for the plaintiff for $819.83. The defendant company took this writ of error, assigning for error the admission in evidence of the proofs of loss, and the submission to the jury of the question whether they were made in time.

*H. T. Harvey,* for the plaintiff in error.—The condition in the policy that the insured should send preliminary notice of the fire *forthwith* and formal proofs of loss " as soon as possible" after the fire, was a condition precedent, with which the plaintiff did not comply. He was not excused from sending the preliminary notice of loss by the fact that the company's local agents notified the company of the fire in the usual course of business. The fact was undisputed that no proofs of loss were forwarded until more than three months after the fire, and in such case the question whether they were forwarded as soon as possible, or within a reasonable time, was for the court and not for the jury : Bennett *v.* Young, 6 Harris 261 ; Smith *v.* Fisher, 12 Harris 223 ; Haly *v.* Brown, 5 Barr 181 ; Brenger *v.* Wightman, 7 W. & S. 264 ; Jones *v.* Wardell, 6 W. & S. 399 ; Leaming *v.* Wise, 23 P. F. Smith 173 ; Commonwealth Ins. Co. *v.* Sennett, 5 Wright 161 ; Trask *v.* Ins. Co., 5 Casey 198. It is argued that the letter of the special agent, objecting to the sufficiency of the proofs, and enclosing blanks to be filled up and returned, was a waiver of the delay. We answer, first, the authority of the agent to bind the company was not shown ; and secondly, the doctrine of waiver is applicable only during the currency of the contract ; after the loss, and after such default as would render the policy forfeited, it cannot be revivified except by an express agreement of the insurers : Beatty *v.* Lycoming Ins. Co., 16 P. F. Smith 9 ; Trask *v.* Ins. Co., 5 Casey 198 ; Barclay *v.* Weaver, 7 Harris 401 ; Carroll *v.* Ins. Co., 38 Barb. 402 ; Mentz *v.* Lancaster Fire Ins. Co., 29 P. F. Smith 475 ; Hays and Wick *v.* Lynn, 7 Watts 524 ; Moore's Executors *v.* Patterson, 4 Casey 505 ; Union Refining Co. *v.* Bushnell, 7 Norris 89 ; Inland Ins. Co. *v.* Stauffer, 9 Casey 397.

*C. S. McCormick,* for the defendant in error.

Mr. Justice Gordon delivered the opinion of the court, June 22nd 1881.

By a policy dated on the 31st of July 1877, the defendant below, plaintiff in error, insured the dwelling-house of Thomas Davis, the plaintiff below, in the sum of $900, and his furniture and clothes, in the south end of the same, in the further sum of $100. On the 7th day of July 1878, there was a total loss of this property by fire. At the instance of the assured, as the jury have found, notice of the loss was immediately forwarded to the home office, by the resident agent of the company, through whom the insurance had been effected. So far as the house was concerned, the loss being total, as was held in the case of the Lycoming Mutual Insurance Co. *v.* Schollenberger, 8 Wr. 259,

[Home Ins. Co. v. Davis.]

and very recently in the Farmer's Mutual Insurance Co. of Schuylkill County v. Moyer, 1 Outerbridge 441, this notice was of itself, a sufficient compliance with the terms of the policy without other or further statement of loss. This rule, however, does not apply to the personal property; if, as to it, proofs of loss were not furnished to the company, in accordance with the terms of the policy, the plaintiff ought not to have been permitted to recover. Whether such proofs were so furnished was one of the questions submitted to the jury for determination, and the chief complaint made against the rulings of the court below has its foundation in this submission.

The policy required that proofs of loss should be made and forwarded to the company as soon as possible after the happening of the fire by which the loss occurred. The fact was that the proofs thus required were not furnished until nearly three months after the fire. The defendant contends that this was too late, and that the court should so have instructed the jury. We agree, that, without evidence explanatory of the delay, this contention would have irresistible force. We think, however, that there was such evidence and that of a character that warranted the submission; that it did account for the delay, as the jury have found. As we have before said, the policy requires the proofs of losses to be furnished as soon as possible after the fire, but this language must be construed to mean that the assured is, for this purpose, to have a reasonable time; but what is such reasonable time must depend largely upon circumstances, and, as a rule, a question of this kind must, for its solution, be referred to a jury.

From the conduct of the company, the jury, in this case, might well have inferred an entire waiver of these proofs, had that question been submitted to them, but as it was not submitted to them we can take no notice of a point of this kind, though in effect, precisely the same principles were applicable to the question raised in the trial of the case.

In the Lycoming County Mutual Insurance Co. v. Schollenberger, supra, the policy required proofs of loss to be made within thirty days from the time of the fire, but it was held that an agent authorized to settle the loss might waive that requirement and bind the company by the acceptance of such proofs after that time. So in the Inland Insurance Co. v. Stauffer, 9 Ca. 397, it was announced as sound law that such waiver may be inferred from acts evincing a recognition of liability, or even from a refusal to pay for some other reason than a want of preliminary notice or statement of loss.

But why may not the plaintiff's delay be accounted for on similar principles? Was his delay reasonable under all the cir-

[Home Ins. Co. *v.* Davis.]

cumstances? This was the question submitted by the court to the jury. His preliminary notice of the fire was in time; and why were not his proofs of loss? Prima facie, even to the officers of the company, they were in time. Davis made and forwarded his statement on the 4th of October 1878, but Morgan, the special agent of the defendant, pronounced it informal and returned to him the company's blanks with instructions to fill them up and return; this was done, and under date of December 13th, Mr. Bigelow, the general adjuster of the company, writes to Esq. McCormick, the plaintiff's attorney, acknowledging the receipt of the amended statement, and saying that the papers had been forwarded to Morgan, and if he required further information touching the loss he would call for it. Now one would naturally suppose that this was the end of the matter, and that nothing remained to be done but to pay over the money. Clearly, up to this time the officers of the defendant had not regarded the delay of the assured as unreasonable, or they would have so intimated.

In fact, here was an unqualified acceptance of the proofs of loss, and so the court might have instructed the jury, instead of leaving that body to puzzle over the question of reasonable time. The mistake, however, was one favorable to the defendant, and of which it has no right to complain. But again, the 9th section of the policy, the same which requires the statement of loss, and directs how it shall be made out, reads thus: "The assured shall, if required, submit to an examination or examinations under oath, by any person appointed by the company, and subscribe to such examinations when reduced to writing; and shall also produce their books of account and other vouchers, and exhibit the same at the office of the company," &c.

Was this intended as an equivalent of the statement of loss directed by the preceding part of this section? It is probable that the officers of the corporation so understood it, otherwise they would hardly have furnished Davis blanks for his statement, at a date so late as the 4th of November, or afterwards have accepted it without hesitation or demur. However this may be, this much must be conceded, that an ordinary layman, uninformed to the contrary, might well suppose that, having given his statement under oath, to an agent sent from the home office for that purpose, every question having been fully and unhesitatingly answered, put down in writing, and that writing subscribed and delivered, he had done and performed all that could possibly be required of him. Now, it may be that this man was mistaken; that it was his duty to make another paper of like import, swear to it, and place it in the hands of this same agent. There is, however, this one thing of which we

[Rothermel *v.* Marr.]

have no doubt, and that is, if it were necessary to go through so useless a ceremony in order to get what the defendant had agreed to pay, an unlettered and unskilled man, like Davis, must be allowed a reasonable time to recover himself from the delusion into which he had been drawn by the company, and to learn, if possible, that something more was required of him.

But, immediately following this examination, a prosecution was instituted against Davis, on information of the local agent of the company, charging him with having himself burned the insured premises. The result of the prosecution was a verdict of not guilty. After all this consumption of time, produced by the action of the officers of the underwriters, the plaintiff came to the conclusion that he had better forward regular proofs of loss.. Accordingly they were forwarded; were returned, not as rejected, but for correction, were corrected, re-forwarded, and, as we have before stated, accepted. After all this, we cannot understand how the company can be heard to complain of the delay as unreasonable.

The foregoing disposes of all the material assignments of error except the sixth; but this cannot be considered.

The complaint is that the court admitted the preliminary proofs and permitted them to be read to the jury " without restriction in disregard to the specific objections made by the defendant below." This assignment is not according to the rule, for the specific objections here mentioned are not set out, hence it should be passed without notice. Passing this, however, whilst the paper was offered in evidence, which was altogether proper, I cannot find where it was read to the jury. I suppose it was not so read, for I find no record ·of any exception to such reading, but only the general one that it was mailed too late to meet the requirements of the policy—an exception already fully disposed of.

　　　　　　　　　　　　　　　　Judgment affirmed.

SHARSWOOD, C. J., and TRUNKEY and GREEN, JJ., dissent.