BENJAMIN GRIFFEY et al., Respondents, *v.* THE NEW YORK CENTRAL INSURANCE COMPANY, Appellant.

A provision in a policy of fire insurance, entailing a forfeiture or limiting liability, should receive a strict construction; it may not be extended by interpretation so as to include a case not clearly within the words. If the words are of doubtful meaning, or susceptible of two interpretations, they should be construed to uphold rather than to avoid the policy.

A policy of fire insurance contained a clause to the effect that if the insured property shall be sold or transferred, or any change take place in title or possession, "or if this policy shall be assigned before a loss without the consent of the company indorsed thereon," the policy shall be void. *Held*, that the clause simply prohibited an absolute assignment of the whole policy, and that a transfer of it by way of pledge or security for a special and temporary purpose — for instance, a transfer as collateral security for a debt — was not within the prohibition.

*Smith* v. *S. C. M. F. Ins. Co.* (1 Hill, 497); *Savage* v. *H. Ins. Co.* (52 N. Y. 502); *Ferree* v. *O. Ins. Co.* (67 Penn. St. 373), distinguished.

The policy contained a clause authorizing the company to terminate it at its option "on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired time." The company notified the insured before a loss of its desire to cancel the policy, and asked to have the policy returned, promising, when this was done, "to remit to them the return premium." *Held*, that this was not sufficient to cancel the policy; that the company had no right to require a return of the policy, or to require the insured to take any step in the matter; that notice of cancellation and actual payment or tender of the sum to be returned would alone suffice.

Under a provision of a policy requiring the insured "forthwith" to give notice of loss, it is enough if he act in the matter with diligence, and give the notice without unnecessary delay.

When, therefore, it appeared that the fire occurred August 30th; that a bank, to whom the policy had been transferred as collateral, gave notice of it on September 1st, and the insured also gave notice on or before

September 4th; that one of the intermediate days was Sunday, and during the others the insured was busy with the adjusters of various insurance companies concerned in the loss, — *Held*, that a failure to comply with the provision was not shown as matter of law; that at least it was a question of fact for the jury, as to whether due diligence was exercised

(Submitted October 14, 1885; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1883, which denied a motion for a new trial, and directed judgment upon a verdict. (Mem. of decision below, 30 Hun, 299.)

This was an action upon a policy of fire insurance issued on the 18th of December, 1878, by which plaintiffs were insured by the defendant against loss by fire, on certain described property. Plaintiffs also held policies of like character issued by other companies, to the amount, including the one in question, of $16,000. On the 26th of February, 1879, they delivered to the Lewisburg National Bank all the policies and a written instrument, of which, so far as is material, the following is a copy.

" We hereby transfer the following insurance policies, amounting to 16,000, to the Lewisburg National Bank, as collateral security for claims said bank holds against us, and that in case of loss by fire, to any of our properties insured in the following companies, shall be payable to said Lewisburg National Bank, as their claim against us may appear," naming the policies referred to. The consent of the defendant was not indorsed upon the policy, nor does it appear to have been given or asked for. The property was damaged by fire in August, 1879, and afterward, but before suit brought, the claims of the bank were paid in full by the plaintiffs, and the policies with the written transfer returned to them.

The defendant alleged by its answer, 1. That the policy was canceled by it before the fire. 2. That it was assigned without its consent. 3. That notice of the fire and proofs of loss were not given in pursuance of the terms on which the policy was issued.

The policy contained the following provisions :

" If the insured property be sold or transferred, or any change take place in title or possession, except by succession by reason of the death of the insured, whether by legal process or judicial decree, or voluntary transfer or conveyance, or if the property shall hereafter be incumbered by judgment or otherwise, or if this policy shall be assigned before a loss without the consent of the company indorsed hereon, then, and in every such case, this policy shall be void.   This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force.   The insurance may also be terminated at any time at the option of the company on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired time of this policy.   Persons sustaining loss or damage by fire shall forthwith give notice of said loss, and within thirty days thereafter deliver to the company a particular account of such loss, signed and sworn to by them," etc., requiring what is commonly called " Proofs of loss."

On defendant's motion for nonsuit the trial judge decided that the first and second defenses were not maintained, and submitted the other to the jury, who found in favor of the plaintiffs.

Further facts appear in the opinion.

*W. E. Hughitt* for appellant.   Upon the proofs, as matter of law, the plaintiffs did not comply with the conditions of the policy requiring notice of the loss to be given to the company "forthwith," and the court erred in submitting that as a question for the jury. (*Inman* v. *W. F. Ins. Co.,* 11 Wend. 452; *Craig* v. *Parkis,* 40 N. Y. 181.)   The assignment of the policy, without notice to or consent of the defendant, avoided the policy by its very terms. (*Savage* v. *H. Ins. Co.,* 52 N. Y. 502; *Smith* v. *S. Co. Ins. Co.,* 1 Hill, 497; 85 N. Y. 162; *People* v. *Beigler,* 1 H. & D. 133; *Lazarus* v. *Connors,* 19 Pick. 81; *Cromwell* v. *B. Ins. Co.,* 44 N. Y. 42; 84 id. 572;

26 id. 68; 52 id. 502; *Ferree* v. *Oxford Ins. Co.*, 67 Penn. 373.)

*Reynolds & Collins* for respondents. The manner and means of terminating the insurance provided by the policy were not followed by the defendant. (*Van Valkenburgh* v. *L. F. Co.*, 51 N. Y. 465.) Whether the notice was given "forthwith" was purely one of fact for the jury. (*Bennett* v. *L. Co. M. Ins. Co.*, 67 N. Y. 277; *Justice* v. *Allen*, 52 id. 328.) Unless, in terms, the policy forbids a partial transfer, no assignment or transfer which does not deprive the assignor of all interest in the property will avoid the policy. (*Shearman* v. *N. Ins. Co.*, 2 Sweeney, 420; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68.) So long as the insured retains such an interest that he may be a sufferer by the loss, the policy remains valid to protect that interest. (*Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68; *Fernandez* v. *G. W. Ins. Co.*, 3 Robt. 458; 17 N. Y. 615; 2 Hall [S. C.], 372; 2 Duer, 64, 65, 66; *Ellis* v. *Kreutzman*, 27 Mo. 311; 1 Phillips on Ins., § 879; Wood on Ins., § 339; *Lazarus* v. *C. Ins. Co.*, 5 Pick. 80; 2 Duer on Ins., § 40; Arnold on Ins. 1249; *Smith* v. *S. Co. M. Ins. Co.*, 1 Hill, 508; *Ferree* v. *O. F. & L. Ins. Co.*, 67 Penn. 373.)

DANFORTH, J.. It may be conceded that the defendants notified the insured before the fire, of a desire to cancel the policy, but there is no evidence that any portion of the unearned premium was paid back; on the contrary, they only proposed to do this after the policy should be returned by the insured.. They had no right to impose that condition, nor could they require the insured to take any step in the matter. The option to cancel was reserved, but to be exercised by "notice, and refunding a ratable proportion of the premium for the unexpired time" of the policy. What the defendants did was to ask the insured to return the policy for cancellation, promising in that case "to remit to them the return premium." This was not enough. Notice of cancellation and actual payment or tender of the sum due could alone suffice. (*Van Valken-*

*burgh* v. *Lenox Fire Ins. Co.*, 51 N. Y. 465.) Under the provision of the policy requiring notice of loss to be "forthwith" given, it was enough for the insured to act in that matter with diligence and without unnecessary delay. It was therefore properly left to the jury to say whether in view of all the circumstances of the case, the notice actually given was sufficient. It was not instantaneous, but the delay was brief. Among other things, it appeared that the fire occurred on the thirtieth of August. The bank gave notice of it on the first of September, and on or before the fourth of September the assured also notified the defendants of the fire and loss. Even this delay was accounted for. Sunday intervened, and during the other days the assured was busy with the adjusters of different insurance companies concerned in the loss, and with matters connected with the fire. The jury might properly, in view of these and other things in evidence, find that the delay was not unreasonable. The question, at least, was for them.

The other point made for the appellant rests upon the claim against "assignment" of the policy. It entails a forfeiture, and must, therefore, receive a strict construction. Hence no other meaning can be given to the language used, than a most rigid and literal interpretation permits, and as the condition is a limitation of liability, it cannot be extended by interpretation so as to include a case not clearly within the words. (*Rann* v. *Home Ins. Co.*, 59 N. Y. 387). So if the words are of doubtful meaning, or susceptible of two fair interpretations, they should be construed to uphold rather than avoid the policy. (*Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405.) In the first place it is apparent that nothing but an effectual assignment or transfer will come within its terms. In this sense the policy was not transferred. No interest in the insured property was conveyed, but it all remained as before. In case of loss, therefore, the transferee could not recover, not only because it had suffered no loss and was not a party to the contract, but because the transfer of the policy was not accompanied with any interest in the subject of insurance. The clause in question, although of several members, is in itself single, and is aimed against the

sale, or transfer, or any change in title or possession of the insured property, and the assignment of the policy, which it prohibits, is in connection with the events which affect the ownership of the things insured.  They must be construed together, otherwise the words relating to the policy would have no meaning.  Without them the assignment would be inoperative for any purpose.  It would not render the policy void, but it would be of no value.  If the property was burned the underwriters would be under no obligation to pay any one — not the assignee, for the property destroyed did not belong to him, so he incurred no damage, nor the assured, for he had parted with the contract of indemnity.

But if we take the prohibition as applying to the policy disconnected from the property, it will not work the result claimed by the appellant.  An assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, or chattel, or other thing.  In that sense the policy in question has not been "assigned."  It with others was delivered to the creditor upon an agreement that the policies should stand as collateral security for certain claims held by it against the insured, and in case of loss to the property insured, they should "be payable" to the bank, as its "claim against the insured should appear."  The assured did not part with the title.  The transfer was not unconditional.  They retained not only the whole insured property, but an interest in the policy.  In any proceeding for its enforcement they would have been a necessary party (*Simson* v. *Satterlee*, 64 N. Y. 657 ; *Johnson* v. *Hart*, 3 Johns. Cas. 322 ; *Conover* v. *Mut. Ins. Co.*, 1 N. Y. 290 ; *Bard* v. *Poole*, 12 N. Y. 495 ; *Whitney* v. *M'Kinney*, 7 Johns. Ch. 144 ; *Field* v. *Mayor, etc.*, 6 N. Y. 179), and upon payment of the debt, entitled to what they in fact have had — a redelivery of the policy.  The agreement under which they transferred it did not profess to vary in any respect the contract of insurance.  It was at most a mere appointment of the bank to receive, and a direction to the insurers to pay to it the

loss when, if at all, it should accrue. In other words it was an appropriation beforehand, to the payment of specific debts, of a portion of the money which might become due, by reason of the cause insured against, and the plaintiffs had as much interest in the policy after its pledge to the bank, as they had before. The money for which the insurers might become liable was to be applied to their use. The bank held it in trust as bailee, and not as owner, and until by an act of the assured some person, other than themselves, should stand in that situation, the prohibition against assignment could not apply, and the policy remained valid to protect their interests. (*Hitchcock* v. *North Western Ins. Co.*, 26 N. Y. 68; *Jackson* v. *Silvernail*, 15 Johns. 277; *Shearman* v. *Niagara F. Ins. Co.*, 2 Sweeny, 470; *Lazarus* v. *Commonwealth Ins. Co.*, 5 Pick. 80.)

In *Conover's Case* (*supra*) the charter of defendant provided that whenever the insured property "shall be alienated by sale or otherwise, the policy shall thereupon be void," and it was held that the words did not embrace a mortgage, since it creates but a lien or security, and does not transfer the title; and in *Shearman's Case* (*supra*) the same rule was held to apply to a clause forbidding a transfer of the policy. To take away the cause of action in one case, and to render void the policy in the other, equally requires a transfer or alienation of the entire insurable interest.

It seems indeed to be well settled that so long as the insured retains such an interest that he may be a sufferer by the loss, the policy remains valid to that extent.

The cases relied upon by the appellant do not seem inconsistent with this conclusion. In *Smith* v. *Saratoga Co. Mut. F. Ins. Co.* (1 Hill, 497), there was not only an express and literal assignment of the policy, but of " all rights and claims which might arise thereon." *Savage* v. *Howard Ins. Co.* (52 N. Y. 502) related to a change of title to the insured property. *Ferree* v. *Oxford Ins. Co.* (67 Penn. 373) differs from the case at bar in several particulars, but one is enough. There the court call attention to the condition which includes in words not only an assignment of the whole policy, " but of any in-

terest in it," and also found in other parts of the policy an express intention to prohibit assignments made as collateral security. The one before us prohibits an assignment of the policy, that is, as we must construe it, an absolute assignment of the whole; the others forbid not only such an assignment, but an assignment of any interest. These various and differing limitations would be entirely useless if they were not intended by insurers to distinguish between acts of the insured in the disposition of the policy as a whole, and its transfer by way of pledge or mortgage for a special and temporary purpose. In many cases the distinction indicated by the papers referred to is material, and I see no ground upon which it can be disregarded in this instance. Similar words have been held by other courts insufficient to include a transfer by way of pledge or security, and we find no reason to differ from them. (*Ellis* v. *Kreutzinger*, 27 Mo. 311 ; *W. F. Ins. Co.* v. *Kelly*, 32 Md. 421.) If there is difficulty in the question it is because the language chosen and employed by the insurers leave the matter in doubt, and to the benefit of that they are not entitled. (*Herrman* v. *Mer. Ins. Co.*, 81 N. Y. 184.)

The judgment appealed from should be affirmed.

All concur, except Earl, J., dissenting.

Judgment affirmed.