(Superior Court of Cincinnati.)
General Term—November, 1896.

CLINTON CRANE AND S. O. COLE, LATE PARTNERS AS C. CRANE & CO., v THE STANDARD LIFE AND ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, A CORPORATION DOING BUSINESS IN OHIO.

---

1. The words "forthwith" or "immediately," when used in reference to the notice of loss in a policy of insurance, means within a reasonable time considering the circumstances of each case, and ordinarily the question is one to be determined by the jury under proper instructions from the court.

---

HUNT, J.

This cause comes into court on error to the special term. It appears from the amended petition, filed April 27, 1895, that on the 15th day of May, 1893, the defendant issued its policy of insurance for a period of one year from noon of May 1, 1893, for a consideration of $150.00, by which the defendant company, on an estimated pay roll of $50,000, agreed to become liable for bodily injuries, fatal or otherwise, sustained by the employes of the plaintiff in occupations and places specified in the application, not to exceed $1500.00 for any one employe, nor to exceed $20,000 from claims resulting from any one accident.

On the first day of July, 1893, the plaintiffs assigned the said employe indemnity policy of insurance, No. 154,895, to Charles W. Baker, who had subsequently been appointed assignee of the plaintiffs by the probate court of Hamilton county, Ohio, by and with the consent of the defendant company. The assignee continued to operate the business under an order of the probate court, and employed men for that purpose. On the 17th day of November, 1893, Charles W. Baker was advised for the first time, that one Charles Schenckle, claimed to have had an accident befall him while in the employ of Charles W. Baker, assignee, and alleged that the accident or injury occurred on July 13, 1893, and thereupon the said Charles W. Baker, assignee, forthwith, about the time Schenckle began his suit, which was the first notice plaintiffs had of any claim on the part of Schenckle, filled out upon blanks, furnished a statement of the matter, which statement so filled out the defendant company now has in its possession.

It is claimed that Charles W. Baker, assignee, had no knowledge of any such accident having occurred, and was not advised of the same, nor was there any claim made at any time upon him by reason of the occurrence of any such accident, until about the 17th day of November, 1893, when suit was brought by the said Charles Schenckle against Charles W. Baker, assignee, for damages for an alleged injury happening to the said Charles Schenckle while in the employ of the assignee. The assignee thereupon notified the defendant company to appear and defend the suit as by its policy of insurance it had agreed to do.

The defendant company neglected and refused to appear and defend the suit, and refused to employ counsel or incur any expense in defending the same. While the said cause was pending in the court of common pleas, for Hamilton county, Ohio, the plaintiffs settled with their creditors, and an order was made by the probate court by which the said Charles W. Baker, as assignee, conveyed back to these plaintiffs, all of the property in his hands as such assignee.

The cause came on for trial at the October term, 1894, of the court of common pleas of Hamilton county, Ohio, and thereupon the plaintiffs were required to, and did defer the same, the defendants declining so to do, although requested and notified to appear or to assist in making a defense thereto.

The jury returned a verdict for the defendant, and thereupon a motion for a new trial was filed within three days, and the same was granted by the court, and subsequently the cause was again set for trial and a judgment rendered for the defendant.

The plaintiffs claim that they have been put to an expense of $471.75, in conducting said defense in the employment of counsel

and in stenographer's expenses, all of which is a proper charge and expense, and which the defendant company agreed to pay by the terms of the policy of insurance, and which expenses and charges these plaintiffs were compelled to pay by reason of the neglect and refusal of the defendant company to carry out the terms of its policy of insurance.

The defendant filed a general demurrer to the amended petition on December 3, 1895.

The demurrer was sustained by the court in special term, and error is now prosecuted to reverse the judgment of the court below in sustaining the demurrer.

The question really involved, is the construction to be given to the following "provision in the policy of insurance." (b) "The assessed, upon the occurrence of an accident or injury, and upon notice of any claim for an injury, shall give immediate notice in writing of such accident, injury, or claim, with the fullest information obtainable to the company at its office in Detroit, or the agent, if any, who shall have countersigned this policy."

In the case of the American Fire Insurance Co. v. Hazen, 1 Atl., 605, the court held that what constitutes a reasonable time for the furnishing of proofs of loss, is a question of law for the court when the facts are ascertained; otherwise, under proper instructions, one for the jury: and when the requirements of the company involve great exactness, and evidence submitted, that by reason of the illness of the plaintiff and other difficulties, the proofs were considerably delayed, it is proper for the court to apply the law and submit the facts to the jury in determining what is a reasonable time. In Weir v. Insurance Co., 4 L. R., 1r., 689, the policy provided that, "On the happening of any loss or damage by fire, the insured * * * is forthwith to give notice in writing thereof to the company, and within fifteen days at latest, to deliver to the company a particular account. * * * In default thereof, no claim in respect of such loss or damage shall be payable until such notice, account, proof, are given and produced." The court held in that case, that the failure to deliver the account within fifteen days was not a condition precedent to the right of recovery.

In the case of Trippe v. Provident Fund Soc., 35 N. E., 316, there was a condition in an accident insurance policy which required written notice to the insurer of any accidental injury to the insured, "with full particulars of the accident and injury," and further provided, that "failure to give notice within ten days from the date of either injury or death." should invalidate all claims under the policy. The court held that the ten days in which to give notice do not begin to run until the fact of death and the circumstances under which it occurs have been ascertained. The court, on page 316, says: "The provision requires not only notice of the death, but full particulars of the accident and injury. It is quite conceivable

that in many cases of death by accident the fact cannot be, and is not, known until days, or even weeks, after it has occurred. Such conditions in a policy of insurance must be considered as inserted for some reasonable and practicable purpose, and not with a view of defeating a recovery in case of loss by requiring the parties interested to do something manifestly impossible. The object of the notice was to enable the defendant, within a reasonable time after the death or injury, to inquire into all the facts and circumstances while they were fresh in the memory of witnesses, in order to determine whether it was liable or not, upon its contract."

The case of Carpenter et al. v. German-American Ins. Co., 31 N. E., 1015, is an interesting one. The court says: "Another question relates to the delay in serving proofs of loss. The fire occurred October 10, 1883. The proofs of loss were not received by the company until February the 2nd, 1884,—one hundred and fifteen days after the fire. The policy provides that in the case of loss, 'the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss under oath,' embracing certain facts, specified. Under this clause it became the duty of the plaintiff to furnish proof of loss within a reasonable time. What is such reasonable time may become a question of law, as where there has been a long delay unexcused, and the company has not waived a compliance with the requirement of the policy. But in cases where circumstances are shown which reasonably justify the delay, or the insured acted with reasonable promptness in view of all the facts disclosed, having regard both to his own situation and the protection of the company, it may be a question for the jury whether the provision as to the proofs has been violated."

In Kentzler v. The American Mutual Accident Association, 60 N. W., 1002, the court held that "What is meant by giving notice 'immediately' after the accident occurs?' Does it mean in the language of Webster "in an immediate manner without the intervention of anything: without interval of time: without delay: instantly?" If the contract is to be thus literally construed, compliance by the beneficiary would seldom be possible. But courts looking at the substance of contracts and statutes, have, during the last two centuries, repeatedly declared that, the word 'immediately,' although in strictness it includes all mean-times, yet, to make good the deeds and intents of parties, it shall be construed as such convenient time as is reasonably requisite for doing the thing." In support of this proposition, numerous American and English cases are cited in 9 Am. and Eng. Ency. Laws, 931.

The same language is quoted approvingly by Ryan, C. J., speaking for the whole court, in construing the words "immediate delivery" as used in sec. 2310, Rev. Stat., in Richardson v. End, 43 Wis., 316; Stevens v. Breen. 75 Wis., 595; 44 N. W., 645.

In Griffey v. N. Y. Cent. Insurance Co.,

.3 N. E., 309, the court held that "under the provisions of the policy requiring notice of loss to be 'forthwith' given, it was enough for the insured to act in that matter with diligence and without unnecessary delay. It was therefore, properly left to the jury to say whether, in view of all the circumstances of the case, the notice actually given was sufficient."

The current of authority seems to be that the words "forthwith" or "immediate," when used in reference to the notice of loss, mean within a reasonable time, considering the circumstances of each case, so that ordinarily the question is one to be determined by the jury under proper instructions by the court. Griffey v. Insurance Co., 100 N. Y., 417; 3 N. E., 309; Carpenter v. Insurance Co., 135 N. Y., 298; McNally v. Insurance Co., 137 N. Y., 389; 31 N. E., 1015.

Lyon v. The Railway Passenger Assurance Co., 46 Iowa, 631; The Provident Life Insurance & Investment Co. & Baum, 29 Ind., 236; Edwards v. The Baltimore Fire Insurance Co., 3 Gill, 176; Scammon v. The Germania Insurance Co., 101 Ill., 621; Erwin v. The Springfield Fire & Marine Insurance Co., 24 Mo. App., 145; Sun Mutual Insurance Co. v. Mattingly et al., (Texas, 1890,) 13 S. W. R., 1016; Argall v. Insurance Co., 84 N. C., 355; Home Insurance Co. v. Davis, 98 Pa., 280; Central City Insurance Co. v. Oates, 86 Ala., 558; Donahue v. Insurance Co., 56 Vt. 374.

The court is disposed to take this view of the law, and is of the opinion that the question should be submitted to the jury under proper instructians.

The judgment of the court below in sustaining the demurrer is reversed, and the case remanded to the special term for further proceedings.

Smith and Hollister, JJ., concur.

Charles W. Baker, for Plaintiff in Error.

John F. Follett, contra.