### PHILLIPS v. UNITED STATES GRAND LODGE, I. O. S. B.

#### (City Court of New York, General Term. April, 1902.)

MUTUAL BENEFIT ASSOCIATIONS—FORFEITURE OF POLICY—BURDEN OF PROOF.
    Where a mutual benefit society seeks to escape liability on the ground
    that insurance has been forfeited, it must sustain the burden of proof
    by a clear preponderance of the evidence, showing a strict compliance
    with its constitution and by-laws in respect to such forfeitures, as no
    presumption will be indulged in favor thereof.

Appeal from trial term.

Action by Hannah Phillips against the United States Grand Lodge
Independent Order Sons of Benjamin. From a judgment for defend-
ant, and from an order denying motions to set aside the verdict and
for a new trial, plaintiff appeals. Reversed.

Argued before McCARTHY, DELEHANTY, and SEABURY, JJ.

A. B. Jaworower, for appellant.

Mitchel Levy, for respondent.

McCARTHY, J. The action was brought by the plaintiff against
the defendant to recover the sum of $1,000 as endowment money,
which plaintiff claims she is entitled to recover from the defendant
on the death of plaintiff's husband, one Mark Phillips, who was
a member of Daniel Webster Lodge No. 9, the same being a subordi-
nate lodge of the defendant herein. It seems that the defendant is a
fraternal benefit insurance company, and agreed by its constitution,
which appears in evidence in this case, that, in consideration of certain
dues and assessments to be paid by its members through subordinate
lodges, they will pay upon the death of such member the sum of
$1,000 to the widow absolutely, unless the member during his lifetime,
by a written designation, otherwise disposed of such endowment; and
no such claim is made here. The death of the plaintiff's husband was
proven, and the nonpayment of the endowment was also proven. The
main question litigated upon the trial of this action was the fact
whether the defendant properly complied with its constitution and by-
laws in sending the notice required by section 1 of article 10 of the
defendant's constitution to the deceased member, plaintiff's husband,
and whether his suspension as a member was lawful. That section
provides that a member indebted to his lodge in a sum equal to six
months' dues and assessment, or either, shall be stricken from the roll
of membership. Such member shall be notified by the secretary,
by registered letter, directed to his last known place of residence as
entered upon the secretary's books, of his indebtedness to his lodge in
detail, at least 10 days in advance of such meeting, and, if such in-
debtedness be not paid at such meeting, then he is to be stricken from
the roll after certain requirements shall have been complied with.
After a careful reading of the testimony herein, we do not think the
evidence shows that the deceased member received the notice as re-
quired by the defendant's constitution, nor that he was notified as re-
quired therein. The defendant attempted to show that the deceased

received certain communications addressed to him by the officers of the subordinate lodge of which deceased was a member, but, in our opinion, the record is barren of any proof showing that the deceased actually received the notification required by defendant's constitution. As we view this case, the only question to be determined is, was the deceased properly notified before his suspension? and in this we think the defendant has wholly failed. In actions of this character, where the defendant seeks to obtain a forfeiture of the insurance, it should sustain the burden of proof in that respect by a clear preponderance of evidence, and must fully comply with its constitution and by-laws, as no presumption will be indulged in under the law to support a forfeiture. Darrow v. Society, 116 N. Y. 544, 22 N. E. 1093, 6 L. R. A. 495, 15 Am. St. Rep. 430; Griffey v. Insurance Co., 100 N. Y. 421, 3 N. E. 309, 53 Am. Rep. 202. Inasmuch as we have arrived at the conclusion that the defendant failed to comply with its constitution in giving the deceased member the proper notification as was required, it is deemed unnecessary to discuss the other exceptions raised upon the trial herein. It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.