# Pearce Manufacturing Company *v.* Lebanon Mutual Insurance Company, Appellant.

*Insurance—Fire insurance—Proof of loss—Schedule of items.*

In an action upon a policy of fire insurance it appeared that the policy required that the insured should set out in the statement of loss the cash value of each item of the property and the amount of the loss thereon. In the sworn proof of loss reference was made to a schedule of machinery on file in the office of the plaintiff. It was shown that a copy of this schedule which was itemized and valued, had been delivered to the adjuster of the defendant company within thirty days after the fire, and that it remained in the possession of the defendant until the time of the trial. *Held,* that this preliminary schedule, taken in connection with the formal proof of loss, constituted a substantial compliance with the terms of the policy.

Where proper proofs of loss have been furnished after the fire, and it appears that the insurance is upon a single building, and that the loss is total, the insured is under no duty to furnish verified plans and specifications of the building, together with a detailed statement of the cost of replacing the building.

Argued Oct. 12, 1906. Appeal, No. 15, Oct. T., 1906, by defendant, from judgment of C. P. Mercer Co., Jan. T., 1905, No. 135, on verdict for plaintiff in case of Pearce Manufacturing Co. v. Lebanon Mutual Insurance Co. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before WILLIAMS, P. J.

The facts are stated in the opinion of the Supreme Court.

Plaintiff presented these points :

1. That the proofs of loss furnished by the plaintiff to the defendant company, within sixty days after the fire, were a, substantial compliance on the part of the plaintiff with the requirements of the policy in suit concerning proofs of loss. *Answer :* Affirmed. [1]

2. That if the defendant company received the proofs of loss on August 7, 1904, and held the same until September 13, 1904, without making any objection thereto, except such objections as were mentioned in the letter from defendant's adjuster, Mr. Strobel, to the plaintiff, dated August 27, 1904, and in evidence, this fact would constitute a waiver on the part of the defendant, of any other defects in, or objections to, the proofs of loss, not set forth in the said letter of August 27, 1904. *Answer :* Affirmed. [2]

Defendant presented these points :

1. Under all the evidence the plaintiff cannot recover in this action, the proofs not being in compliance with the requirements of the policy. *Answer :* Refused. [4]

4. No evidence has been adduced of any act or declaration of the insurance company by which the plaintiff was deceived or lulled into security by which it was deprived of any right or legal remedy. *Answer :* Refused. [5]

5. Even if that had been a waiver by the company, the reopening of negotiations on and after September 13, 1904, by the plaintiff, the demand for an appraisal and request for the company to proceed to an immediate adjudication of the loss, was a waiver on the part of the plaintiff and a reinstatement of the former relations of the insurer and the insured. *Answer :* Under the evidence in this case, this point is refused. [6]

Verdict and judgment for plaintiff for $1,545. Defendant appealed.

*Errors assigned* were (1, 2, 4–6) above instructions, quoting them.

*W. K. Jennings,* with him *D. C. Jennings,* for appellant, cited : Langan v. Ins. Co., 162 Pa. 357 ; Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Improvement Co., 100 Pa. 137; Gould v. Ins. Co., 134 Pa. 570 ; Beatty v. Ins. Co., 66 Pa. 9.

*George E. Reynolds* and *Q. A. Gordon*, for appellee, cited : Powell v. Agricultural Ins. Co., 2 Pa. Superior Ct. 151 ; Hower v. Ins. Co., 9 Pa. Superior Ct. 153 ; Lycoming County Mut. Ins. Co. v. Schollenberger, 44 Pa. 259 ; Farmers' Mut. Fire Ins. Co. v. Moyer, 97 Pa. 441 ; Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568 ; Roe v. Dwelling House Ins. Co., 149 Pa. 94 ; Whitmore v. Dwelling House Ins. Co., 148 Pa. 405 ; Yuengling v. Jennings, 6 Pa. Superior Ct. 614 ; Welsh v. London Assurance Corporation, 151 Pa. 607 ; Grandin v. Ins. Co., 107 Pa. 26 ; Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73 ; Moyer v. Sun Ins. Office, 176 Pa. 579 ; Jacoby v. Ins. Co., 10 Pa. Superior Ct. 366 ; Thierolf v. Universal Fire Ins. Co., 110 Pa. 37 ; Carey v. Fire Ins. Co., 171 Pa. 204 ; Sutton v. American Fire Ins. Co., 188 Pa. 380 ; Carpenter v. Allemannia Fire Ins. Co., 156 Pa. 37 ; Paltrovitch v. Ins. Co., 143 N. Y. 73 (37 N. E. Repr. 639) ; Davis v. Grand Rapids Fire Ins. Co., 157 N. Y. 685 (51 N. E. Repr. 1090).

OPINION BY MR. JUSTICE POTTER, January 7, 1907 :

This was an action upon a policy of fire insurance ; the verdict and judgment were for the full amount of the policy. Upon the trial, the court below ruled that the proofs of loss were in substantial compliance with the requirements of the policy, and the only question submitted to the jury, and determined by it, was the amount of the loss. The question involved in this appeal is stated by counsel for appellant, as being whether the proofs of loss were in compliance with the terms of the fire insurance policy. It is contended that they were not, because the insured was required, among other things, to set out in its statement of loss, the cash value of each item of the property, and the amount of the loss thereon. This the insured failed to do directly in this case, it is claimed, in so far as the machinery was concerned ; but it did so indirectly, by referring to a schedule which set forth the items in detail. The statement of loss, in this respect, in the formal proof, is worded as follows :

" Machinery, as per schedule on file at the office of the Pearce Manufacturing Company, Pittsburg—$50,982.21. Less estimated value of scrap, and subject to depreciation for wear and tear."

The total amount of insurance upon the machinery was only $25,000, which was very considerably less than the amount of the loss thereon, as claimed. The proofs of loss were sworn to, and were furnished within the time stipulated in the policy, and were admittedly correct in form, and complete in every respect, except that they did not include in themselves, an itemized statement of the machinery alleged to have been destroyed, but referred to the detailed schedule of such machinery on file in the office of the plaintiff company in Pittsburg. If no copy of this schedule had previously been furnished to the insurance company, and if the information contained in it had been withheld, then the objection to the proofs of loss in this respect would have been well founded. The trial judge recognized this fact, and in charging the jury said: "At first blush this objection seems to be a valid one, but when, as shown by the testimony in the case, it is considered that a copy of this very schedule had been delivered to the adjuster of the defendant company on June 30, 1904, and has remained in his possession ever since, or was at least produced by him here in court, it would seem that this technical omission, if omission it was, was rendered harmless and did not deprive or withhold from the defendant company, any information within the knowledge of the plaintiff company, nor in any way mislead the representatives of the defendant company."

A copy of this schedule appears in the evidence as Exhibit No. 5, and it shows a statement itemized in minute detail, of the machinery and apparatus, as located upon the different floors of the building, and the valuation placed upon all the various items. It is admitted by the defendant that this schedule was furnished by the plaintiff to the adjuster of the defendant company within thirty days after the fire, and that it remained in the possession of the defendant until the time of the trial. In the view of the trial judge, this preliminary schedule, taken in connection with the formal proof of loss, constituted a substantial compliance with the terms of the policy, and he so instructed the jury. We think this instruction was correct.

In considering a similar provision in a fire insurance policy, in Boyle v. Insurance Co., 169 Pa. 349, this court said: "We quite agree with the learned trial judge that the proofs of loss afforded a sufficient notice of the character and amount of the

plaintiff's claim.   If it had seemed as to any particular lot or class of goods to be wanting in clearness or precision, the attention of the insured should have been drawn to it and such further information asked for as was fairly necessary to the ascertainment of the loss.   The law does not require the performance of useless things, or favor the arbitrary imposition of useless burdens.   Substantial performance is enough."

In the present case it would certainly be requiring a useless thing, and would impose a useless burden upon the plaintiff to require it to furnish the defendant company with a copy of the schedule on file in the Pittsburg office, when a duplicate of such schedule was already in the adjuster's hands, and had been there for months; and had been used by the insurance company in making its own estimate of the amount of the loss and in preparing a proposition for compromise.   It would have been but a restatement of something as to which the company was already informed.

It is apparent from the correspondence which passed between the parties, as is shown by the evidence, that the matter in dispute was not as to the number or character of the articles which had been damaged or destroyed, but it was confined practically to a difference of opinion as to their value.   It is true that the proofs of loss set out the amount of the loss upon the machinery in a lumping sum, but there is no allegation that the schedule did not correctly represent the machinery in the mill, which had been destroyed by the fire.   It is urged in the argument, that the schedule which contained the itemized statement in detail of the machinery, not being directly incorporated in the proofs of loss, was not sworn to as required by the terms of the policy.   But no objection was made to the schedule upon this ground by the company, when it was presented, nor was any request made, to have the schedule verified by affidavit.   The adjuster merely requested a copy of the schedule on file in the Pittsburg office, and no more.   This much he already had in his own hands, and must have been thoroughly familiar with.

In Gould v. Insurance Co., 134 Pa. 570, the present Chief Justice formulated from the decisions a rule which he expressed as follows : " If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires

that the company shall promptly notify him of their objections, so as to give him the opportunity to obviate them ; and mere silence may so mislead him to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel." Under this rule, it was the duty of the insurance company, or its representative, to expressly request a sworn copy of the schedule, if they intended to insist upon an additional affidavit.

As we are of opinion that the court below was correct in ruling that the proofs furnished were in substantial compliance with the terms of the policy, the question of waiver does not arise, and need not be considered.

It is also urged as a further reason why recovery should not be had in this case, that verified plans and specifications of the building claimed to have been destroyed, together with a detailed estimate of the cost of replacing the same, were not furnished in compliance with a request made by the adjuster. This matter is not included by appellant in the statement of the question involved. But if it is properly to be considered, it is sufficient to say that the insurance was upon a single building, and the loss was total. Consequently, no other proof of loss than the preliminary notice was necessary : Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568 ; Roe v. Insurance Co., 149 Pa. 94 ; McGonigle v. Insurance Co., 168 Pa. 1.

The assignments of error are overruled, and the judgment is affirmed.