# Weisberger, Appellant, *v.* The Western Reserve Insurance Company of Cleveland, Ohio.

*Insurance—Fire insurance—Policy — Construction — Proof of loss—Requirements—Inventory—Transfer of title—Sheriff's sale.*

1. Provisions in a policy of fire insurance are to be strictly construed as against the insurer.

2. A requirement in a policy of fire insurance, that the insured shall furnish proof of loss within sixty days after a fire, is sufficiently complied with by proper papers filed, showing the necessary elements of proof, although not containing any inventory of the property lost, where the only provision as to an inventory was that the insured should "separate the damaged and undamaged personal property, put it into the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon," where it appears as a part of the proof of loss that the building and contents were totally destroyed, and there was no damaged or undamaged property, of which an inventory could be made. The fact that plaintiff, upon subsequent demand, furnished an inventory of the lost articles, although after the time limit had expired, is not material as bearing upon the construction of the contract.

3. Where insurance covers the stock of merchandise in a store, and the goods are intended for sale, the condition for the avoidance of the policy, by reason of a clause prohibiting change of ownership or possession, does not apply where title is regained before the occurrence of a loss by fire, the policy being not forfeited but only suspended during the temporary failure of ownership.

4. Where insurance covers a stock of merchandise in a store, and it is levied upon and sold to an execution creditor at sheriff's sale, and prior to a fire, the goods not having been removed from the store, and the execution defendant repurchases them, the policy is not avoided by the sheriff's sale.

Argued Feb. 24, 1915. Appeal, No. 30, Jan. T., 1915, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1911, No. 982, n. o. v., on verdict for plaintiff, in case of David Weisberger v. The Western Reserve Insurance Company of Cleveland, Ohio. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Assumpsit on a fire insurance policy.  Before Evans, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,867.25.

The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was the judgment of the court.

*William J. Fitzgerald* and *Joseph O'Brien,* for appellant.

*Michael A. McGinley,* for appellee.

Opinion by Mr. Justice Potter, July 3, 1915:

This was an action upon a policy of fire insurance. At the trial plaintiff recovered a verdict for the amount of his loss, but the trial judge entered judgment for defendant non obstante veredicto, upon the ground that plaintiff did not furnish proofs of loss in accordance with the terms of the policy, within sixty days after the fire.  It appears from the evidence that plaintiff did furnish a paper, nineteen days after the fire, which was intended by him as a compliance with the terms of the policy as to proofs of loss.  An examination of it shows that it was in substantial accord with the requirements. It set forth the belief of assured as to the time and origin of the fire, his interest in the property, the cash value of the classes of goods destroyed and the amount of loss on each; the amount of all insurance covering the property was stated, and a certificate of the nearest magistrate setting forth his belief that the assured had honestly sustained loss upon the property described, to the amount claimed, was attached, together with an itemized schedule of the goods claimed to have been destroyed.  The statement was signed and sworn to by the assured.  In Gould v. Dwelling-House Ins. Co., 134 Pa. 570, the result of the decisions as to this point,

was formulated as follows: "If the insured, in good faith and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy respecting proofs of loss, good faith requires that the insurer shall promptly notify him of any objections thereto, so as to give him the opportunity to obviate them." This rule has been reiterated in subsequent cases, as in Pearce Mfg. Co. v. Lebanon Mutual Ins. Co., 216 Pa. 265; Bush v. Hartford Fire Ins. Co., 222 Pa. 419, and Wakely v. Sun Ins. Office of London, England, 246 Pa. 268. In the present instance, it was not until twenty days after the proofs had been received, that defendant's adjuster wrote to plaintiff that they were incomplete and unsatisfactory for the reason, as he said, "that they do not contain an inventory of the goods claimed for, stating the quantity and cost of each article and amount claimed thereon, as required by line 69 of said policies of insurance." Reference to that line of the policy, shows no requirement that the inventory should be made part of the proofs of loss. The insured is to make such an inventory, but the time when it is to be made is not stated. Furthermore it appears that the fire in question resulted in a total loss of the property insured, and none of it, either damaged or undamaged, was saved. In the proofs of loss it is stated that the property "was entirely destroyed by said fire and none of it was saved, the said articles, as well as the said building, being entirely consumed by the said fire." The uncontradicted testimony at the trial also showed that the building was burned to the ground, and its contents were all consumed. The requirement in the policy is, that the insured shall "separate the damaged and undamaged personal property, put it into the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon." It is clear that this provision refers to damaged articles for which a claim to recover is made, and not to those which have been totally de-

stroyed. Articles destroyed could not, of course, be put in good order. Plaintiff appears, however, to have understood the demand as being for an inventory of the personal property which had been totally destroyed, and he, therefore, furnished such an inventory, with the cost of each article stated and the amount claimed upon it. Doubtless it was proper to furnish such an inventory, but there is nothing in the policy requiring it to be produced within sixty days after the loss, or within any specified time after demand. If it was furnished within a reasonable time after demand for it was made, nothing more could be required. Where proofs of loss are to be furnished "as soon as possible after the fire," it has been held that this is to be construed as meaning "within a reasonable time": Home Ins. Co. v. Davis, 98 Pa. 280;. Ben Franklin Fire Ins. Co. v. Flynn & Hamm, 98 Pa. 627; Dillinger v. Ogden, 244 Pa. 20. While in this case the demand for an inventory was made February 23d, and it was not furnished for more than sixty days afterwards, yet the delay was explained in plaintiff's letter to the adjuster enclosing the inventory. However, as the demand was for an inventory of the damaged goods, of which there were none for which claim could be made, the furnishing of an inventory of goods totally destroyed, which was not specifically requested must be regarded as voluntary upon the part of the insured, and the precise date when it was furnished is not important. In entering judgment the court below relied on the case of Carey v. Allemania Fire Ins. Co., 171 Pa. 204, as sustaining the contention that the proofs of loss were too late. There it was stated that the rule in Pennsylvania is, that compliance with the requirement of the policy as to furnishing proofs of loss is a condition precedent to suit upon it. But it there appeared from the evidence, that the proofs of loss were not furnished until ninety-six days after the fire, while the policy required them to be made within sixty days thereafter. There was, however, evidence of waiver, which this court held was for

the jury; and while the judgment for the plaintiff was reversed, a new venire was awarded. That case has no application to a situation in which it appears that an attempt has been made by the insured, in good faith and within a stipulated time, to comply with the conditions of the policy, and no objection upon valid grounds has been made by the insured. In the present case we are clear that the court below erred in entering judgment for defendant on the ground that proofs of loss were not furnished in time.

Counsel for appellee urges that there is another reason why defendant should be absolved from liability for loss. It appears that while the policy was in force, plaintiff's entire stock of goods in the building mentioned, was levied upon by the sheriff under an execution issued upon a judgment against him, and the goods were sold and purchased by the execution creditor. But the stock was not removed from the building, and on the day after the sale it was repurchased by the insured, who thereafter continued business in the same building, and in the same way, as prior to the sheriff's levy. The court below held that the fact that there had been a sheriff's sale did not, under the circumstances, constitute a defense to the claim under the policy. The authorities amply sustain the proposition, that where insurance covers a stock of merchandise in a store, and the goods are intended for sale, the condition for the avoidance of the policy by reason of the clause prohibiting change of ownership or possession, does not apply where title is regained before the occurrence of a loss by fire, the policy being not forfeited, but only suspended during the temporary failure of ownership. In insurance of this kind, the policy is construed to cover the value of the stock on hand for the time being, no matter how it may be changed from time to time by the result of sales and purchases. This is the doctrine of the case of West Branch Ins. Co. v. Helfenstein, 40 Pa. 289. The validity of the insurance is not affected by the fact that the stock may

be largely reduced or wholly sold out upon one day and replaced upon the next. The policy is intended to cover merchandise used for traffic, and it applies to such goods as are in the store, and owned by the insured at the time when the loss occurs. The provision in the policy as to the effect of legal process is closely connected with that as to voluntary transfer of the goods, so that the same rule properly applies to both, and these provisions are to be strictly construed against the insurer. A sound statement of the principle involved is thus stated in 2 Cooley's Briefs on Insurance, 1746: "An insurance on a stock of goods, which, in the nature of the business, will be continually changed, is an insurance on the stock, and not on the specific goods in stock at the time the policy issued, so that sale from the stock and removal thereof will not forfeit the policy, though it contains a nonalienation clause......A sale of the entire stock, or a part interest therein, is generally considered merely to suspend the risk. Hence a recovery can be had if the insured, before loss, repurchases the stock or interest disposed of, or puts in a new stock." A statement to the same effect is found in 3 Joyce on Insurance, Sec. 2287. A case directly in point, is that of Hooper v. Hudson River Fire Ins. Co., 15 Barb. (N. Y.), 413. There a stock in trade, which was covered by the policy in suit, was sold by the sheriff under execution against the insured, and the policy was afterwards assigned, before the loss occurred, to the purchaser at the sheriff's sale, who continued the business at the same place. It was held that the assignee could recover. STRONG, J., said (p. 415): "The insurance in this case was not upon such goods only as were in the building at the time when the policy was issued or continued. It was upon personal property of the assured or their assigns, of the description contained in the policy, which might be in such building at any time during the period mentioned in such policy, and in the certificate of its continuance. That is universally so, whether the goods are intended for sale or

use; otherwise the insurance, and particularly of goods in a store, would be of but little advantage, and the premium would be uselessly spent......The policy, though ineffective as to the property sold at the sheriff's sale, was not dead, but had sufficient vitality to protect any goods of the same description which might subsequently be purchased by the assured and placed in the same building, so long as it might be occupied by them, or restored to them on a settlement with their creditors.

The judgment in this case, which was entered for the defendant non obstante veredicto, is now reversed, and it is ordered that judgment upon the verdict, be entered for plaintiff.