HENRY M. COX, TO THE USE OF, &c., v. THE FARMERS' MU-
TUAL FIRE ASSURANCE ASSOCIATION OF NEW JER-
SEY.

A plea setting up a by-law of an insurance company, to the effect that if
the president of the company should cause notice in writing given to
the insured that the company declines an arbitration, or to pay loss
without suit, the insured must bring suit within six months, or be
barred, is bad, unless it alleges that such by-law was adopted before
the contract of insurance was made.

On demurrer to plea.

Argued at November Term, 1885, before BEASLEY, CHIEF
JUSTICE, and Justices KNAPP, MAGIE and PARKER.

For the demurrer, *Harris & Beasley.*

*Contra, J. G. Shipman & Son.*

The opinion of the court was delivered by

PARKER, J.   This action is founded on a policy of insur-
ance made by the defendant company, on the 17th day of
July, 1871, by which said company covenanted to insure cer-
tain buildings and other property of plaintiff, against loss or
damage by fire, for the term of ten years, from the 9th day
of June, 1871, in a sum not exceeding $2500.

The declaration is in legal form and makes averments which,
if proved, will entitle the plaintiff to recover.

Several pleas are filed.   To the seventh plea the plaintiff
has demurred.   This plea sets forth and alleges that by the
fifth section of the act of incorporation of the defendant com-
pany, the board of directors has the power to make and pre-
scribe such by-laws and regulations as to them shall appear
needful and proper, and to alter and amend the same, touch-
ing all such matters as appertain to the business, ends and
purposes which said corporation by such act was entitled to ;
and also that by the seventh section of said act of incorpora-

tion, it was provided, that all policies of insurance which should be made by said incorporation in pursuance of said act, shall be made upon such terms and conditions as should be from time to time ordained and prescribed by the by-laws, rules and regulations of said corporation. The plea then states that in pursuance of the power and authority as aforesaid, the said board of directors did adopt and establish a by-law, which, among other things, provided that if the president of the company should cause notice to be given in writing to the insured that the company declined to have an arbitration, or to pay the loss without suit, the insured must bring suit against the company within six months thereafter, or be barred of his claim against the company, of which by-law the plaintiff had notice on the 17th day of July, 1871, and that afterwards the said company did cause notice to be given to the plaintiff, that the company declined to have an arbitration, or to pay the loss without suit, and that the plaintiff did not, within six months after the receipt of such notice, bring suit against the company for the claim.

This plea is bad because it does not allege that said by-law was adopted before the contract of insurance made with the plaintiff was entered into. It alleges that plaintiff had notice of the by-law on the 17th of July, 1871, but whether before or after the policy of insurance was entered into it does not state. The plea should allege that the by-law was passed before the issuing of the policy. *Wood on Fire Insurance* 871; *Ins. Co.* v. *Harvey*, 45 *N. H.* 292.

Demurrer sustained.

As the plea thus overruled does not go to the merits of the case, the defendant cannot be permitted to plead *de novo*.