ELIZA SCHNEIDER, RESPONDENT, v. THE UNITED STATES LIFE INSURANCE COMPANY, IN THE CITY OF NEW YORK, APPELLANT.

*Life insurance — a forged release of the wife and the acceptance of a surrender of the policy excuses a failure to pay the premium — chap. 341 of 1876.*

Where a policy of life insurance, payable to the wife of the assured, is surrendered by the assured to the company, and the name of the wife is forged to the instrument of release made at the time of such surrender, the omission to pay a premium within the thirty days mentioned in a notice mailed to the assured, pursuant to chapter 341 of the Laws of 1876 (during which period of thirty days the assured made such surrender to the company), is not a defense to an action brought by the wife on the subsequent death of the assured to recover the amount for which the policy of insurance was issued.

*Whitehead* v. *New York Life Insurance Company* (33 Hun, 425; 102 N. Y., 143) followed.

APPEAL by the defendant from a judgment rendered at a Special Term of the Supreme Court, and entered in the office of the clerk of the county of New York on the 12th day of October, 1888, by which it was adjudged that the plaintiff was entitled to recover of the defendant the amount named in the policy of insurance issued upon the life of her husband, less the unpaid premiums, with interest.

*Oliver P. Buell,* for the appellant.

*Lucius McAdam,* for the respondent.

DANIELS, J.:

By the judgment the plaintiff has been permitted to recover the amount for which a policy of insurance was issued by the defendant upon the life of her husband. She had no knowledge of the existence of this insurance prior to his decease. By the formal language of the policy, six dollars and forty-seven cents for one-fourth of the annual premium would become due on the 17th of April, 1886, and notice of that fact was, on the 15th of March, 1888, given to the plaintiff's husband, pursuant to chapter 341 of the Laws of 1876. This notice was not brought to the knowledge or attention of the plaintiff; but before the thirty days expired, and on or about the 25th of March, 1886, the policy was surrendered by the husband, whose life was insured, to the company for the sum of $525, which was paid to him. This surrender was accepted and the payment was made upon the authority and release subscribed with the name of the plaintiff and of her husband, as that, in case she had subscribed her name, was permitted to be done by section 3 of chapter 710 of the Laws of 1870. But, as a matter of fact, she neither subscribed nor knew of the release or surrender of the policy, but her name subscribed in this manner was a forgery. Her husband died on the 22d of December, 1886, and after the facts of the issuance of the policy and its surrender in this manner came to her knowledge, this action was commenced to revive it, as an obligation against the company and to enforce its payment for her benefit.

The court at the trial held that the surrender of the policy was not only without the authority but a fraud upon the plaintiff, and that she was entitled to have it revived and enforced according to its terms against the defendant. The defense which was mainly

relied upon was the omission or failure to pay the premium within the thirty days mentioned in the notice mailed to the plaintiff's husband on the 15th of March, 1886. But this defense was not sustained by the law, although in ordinary cases such a default would forfeit the policy. (*Holly* v. *Metropolitan Life Ins. Co.*, 105 N. Y., 437.) But this principle was rendered inapplicable to this insurance by reason of the accepted surrender of the policy by the defendant before a default had taken place in the payment of this installment of the premium. That was held to be the law in *Whitehead* v. *New York Life Insurance Company* (33 Hun, 425), which was to this extent affirmed in 102 New York, 143. For as to the two policies which in that instance had been surrendered without right, before the arrival of the time for the payment of the premium, the court held the defendant in the action to be liable, and this holding of necessity maintained the right of the plaintiff in this action to recover against the defendant.

The collection by the plaintiff of a paid-up policy issued by the defendant upon the same life for her benefit, in place of another preceding policy, in no manner affected her right in this action. For that right arises entirely out of what transpired between the parties concerning the policy upon which she was held entitled to recover, notwithstanding this fraudulent surrender of it.

The liability of the company to pay the amount of the policy to the plaintiff is undoubtedly a hardship, but it cannot be excused or exempted from that liability by its reliance on the forged and fraudulent instrument produced as the authority for the surrender of the policy. It is not, however, without a remedy. For as long as it acted upon the certificate of the commissioner of deeds, who falsely certified that the plaintiff had appeared before him and was personally known to him to be an individual described in and who had executed the authority and acknowledged such execution before him, it may be at liberty to resort to him for indemnity for the loss in this manner produced.

The judgment was right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred in the result.

Judgment affirmed, with costs.