SISSON, Respondent, v. SUPREME COURT OF HONOR, Appellant.

St. Louis Court of Appeals, January 19, 1904.

1. **MUTUAL BENEFICIARY ASSOCIATIONS:** Construction of Constitution: Loss of Hand: Jury Question. In an action for the loss of a hand by the holder of a beneficiary certificate in a mutual benefit association, whose constitution provided that if a member lose a hand, he should receive a certain sum, where the evidence of plaintiff showed that the hand was so injured as to be of no practical use, the question of whether there was loss of the hand was properly submitted to the jury.

Sisson v. Supreme Court of H.

2. ———: ———: **Amendment of Constitution.** Where a member of such an association, in his application, agreed to conform to the constitution and rules of the order then in force or which might be adopted thereafter, he is bound only by such changes of rules and regulations as relate to his duties as member of the association, and not by changes which interfere with the essential provisions of his contract of insurance, unless such modifications of his contract are made with his express consent.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,*
Judge.

AFFIRMED.

*James W. Reynolds* for appellant.

(1)   Plaintiff's application for membership is a part of the insurance contract in this cause. State ex rel. v. Temple Benevolence Ass'n, 42 Mo. App. 485. (2)   The application, the certificate and the constitution all make up the contract in this case. Richardson v. Supreme Lodge of Order of Mutual Protection, St. Louis Court of Appeals, Jan. 20, 1903; Morton v. Royal Tribe of Joseph, 93 Mo. App. 78; Grand Lodge v. Elsner, 26 Mo. App. 108; Stater v. Grand Lodge, 76 Mo. App. 387; Grand Lodge v. Stater, 44 Mo. App. 445. (3) The right to amend its constitution is inherent in a corporation of this kind and the members are bound by the amendments. State ex rel. v. Grand Lodge A. O. U. W., 70 Mo. App. 456; Ellerby v. Faust, 119 Mo. 653; St. Patricks' Society v. McVey, 92 Pa. St. 510; Poultney v. Bachman, 62 Howard Pr. 466; Bacon's Benefit Societies sections 91 and 92. Aside from the general doctrine that the right to bind members of such corporations by change in their constitutions, the plaintiff in this cause is especially bound by the change in the constitution because he consented to the change beforehand. State v. Grand Lodge A. O. U. W., 70 Mo. App. 456; Hysinger v. Sup. Lodge K. & L.

of H., 42 Mo. App. 627.   (4)   Where a member of a benefit society agrees in his application for membership therein to conform to or comply with the constitution then existing or as it may be thereafter amended, he is bound by any change made in the constitution, if such change is not unreasonable. Richmond v. Supreme Lodge Order of Mutual Protection, supra; Fullenwider v. Sup. Council Royal League, 54 N. E. (Ill.) 485; Sov. Camp. M. W. v. Farley et al., 59 S. W. 879; People ex rel. Goett v. Grand Lodge, 67 N. Y. 330; Chambers v. Sup. T. K. O. T. M., 49 Atl. 784; Lloyd v. Sup. L. K. of P., 98 Fed. 66; Sup. Council, etc. v. Adams, 44 Atl. 380; Theibert v. Sup. L. K. of H., 81 N. W. 220; Masonic Mutual Ben. Ass'n v. Severson, 43 Atl. 192; Sup. T. K. O. T. M. v. Hammers, 81 Ill. App. 560; Niblack, Ben. Societies, p. 50 and 59, sec. 26; Covenant Mut. v. Tuttle, 87 Ill. App. 309; Duer v. Council Chosen Friends, 52 S. W. 109; Loefler v. M. W. A., N. W. 1012; 1 Bacon, Benefit Societies, New Ed., section 91a.   Where the constitution —as in this case—specifically reserves the right to alter, change and amend any of its provisions the member who becomes a member under it is bound by any change subsequently made, provided the change is not unreasonable. Niblack, Ben. Soc. (2 Ed.), p. 237; Pain v. Soc. St. Jean Baptist, 52 N. E. 502; Ontario Ins. v. Sup. K. Canada, 19 Canadian Law Times 316; Lawson v. Howell et al., 50 Pac. 763; Hughs v. Ins. Co., 73 N. W. 1015; Bacon's Ben. Societies, New Ed., pp. 185 and 186.

*Geo. W. Emerson* for respondent.

If the by-laws of 1897 by the terms "loss of hand or foot" meant loss by amputation or dissection of the hand or foot why the necessity of the by-laws of 1900 which reads for the loss of a "hand or foot by amputation at or above the ankle or wrist," etc.? The position here taken is well sustained by the following authority:   Sneck v.

Ins. Co., (Sup.) 34 N. Y. S. 545, 88 Hun 94. If respondent had not lost by physical amputation any portion of his hand, yet, if he lost the use of it in the meaning of the by-laws in question, his hand was lost. Sheanon v. Life Ins. Co., 77 Wis. 618, 46 N. W. 799, Am. St. Rep. 151, 9 L. R. A. 685. Sheanon v. Ins. Co., 83 Wis. 507, 53 N. W. 878. Respondent is not affected nor bound by the amendment made to appellant's by-laws in July, 1900, his certificate having been issued in June, 1897. Hysinger v. Supreme Lodge Knights and Ladies of Honor, 42 Mo. App. 627; Grand Lodge A. O. U. W. v. Sater, 44 Mo. App. 445-452; Lackberger v. Grand Lodge I. O. O. F., 73 Mo. App. 38-41; McMahon v. Maccabees, 151 Mo. 522. Even if respondent's application is a part of his contract, even if the certificate provides that insured shall be bound by any future changes in the law, etc., of the company and even if respondent expressly agreed that he would accept all future changes that might be made in the appellant's laws, etc., yet respondent is not bound by the amendment shown to have been made in this case because the same is a "radical departure from the fundamental plan, and is not a reasonable exercise of the reserved power of amendment. Smith v. Supreme Lodge K. of P., 83 Mo. App. 512; Brown v. Same, 83 Mo. App. 633; Knights Templar's & Mason's Life Indemnity Co. v. Jarman, U. S. Court Reports, 187-190, 47 Law. Ed., page 139.

BLAND, P. J.—The defendant is a mutual benefit association organized under the laws of Illinois and is doing an insurance business on the assessment plan. On June 2, 1897, plaintiff became a member of the defendant association and received a certificate of membership therein, which contains a contract whereby the defendant insured the life of plaintiff in favor of his wife in the sum of two thousand dollars. The certificate of insurance also provides that if plaintiff should become disabled the association will pay him such an

amount as should be provided by its constitution and by-laws. At the time the certificate was issued, section 1, article 2, of the constitution and by-laws of the association provided as follows:

"If a member lose a foot or hand by accident, he shall receive one-fourth of the amount of his certificate of membership in cash and the other three-fourths at death."

The certificate states that it was issued upon the express condition that the insured should comply with the constitution, laws, rules and regulations of the order then in force or that might thereafter be enacted. In May, 1900, the defendant association amended its constitution by enacting section 106, article 13, which reads as follows:

"If a member lose a foot or hand by accident, resulting in amputation or severance at or above the ankle or wrist, he shall receive one-fourth of the amount of his certificate of membership in cash."

On October 24, 1901, plaintiff, while pursuing his usual avocation (operating a brick plant) accidentally caught his left hand under a brick press and it was severely lacerated and injured. The suit was to recover for the loss of the left hand. Plaintiff recovered a judgment of $500 from which the defendant appealed.

There are but two questions presented by the briefs and arguments of counsel (all other questions arising at the trial are conceded to have been correctly resolved in favor of the plaintiff). The first question is, does the evidence show that plaintiff lost his hand within the meaning of the certificate of insurance? The evidence is that the brick press came down on plaintiff's left hand and mashed off the two middle fingers at the knuckle joint and the index finger above the second joint.

Dr. T. E. Walter testified that he was called to treat the injury at the time it happened and that he found the hand pretty badly mashed up, but not so badly injured as to require an amputation of the entire hand in

his judgment; that he and Dr. Love amputated the second and third fingers at the knuckle joint and the index finger at the second joint; that for all practical purposes the hand is lost; that the stub of the index finger is stiff and can not be used for any purpose and it would have been better if it had been amputated at the knuckle; that there was still a partial action of the little finger and thumb but their action was impaired by the injury to the leaders in the back of the hand.

Plaintiff testified that the circulation in his hand was bad; that his hand got cold and even in hot weather he had to keep it in his pocket or hold it in his right hand to keep it warm; that it was weak and got tired very soon when he attempted to use it; that he used it all he could but found it was practically useless as a hand; that he was keeping a small general store and assisted his wife in selling goods but could not use his left hand to tie up packages; that he could lift light articles for a little while with it but in trying to handle queensware, such as cups and saucers and plates, he would let them fall, they would slip out of his hand and he could not hold on to them; that the leaders in the back of his hand seemed to be drawn and on account of this he could not bend his little finger without pain, and that his thumb was weak and the thumb and little finger were of very little use; that he never gave his consent to the passage of section 106, article 13, supra, and did not know that any change had been made in the constitution until after he had received his injury.

There was countervailing evidence not material to be noticed in this discussion as the question for solution is, should the court have nonsuited the plaintiff on his own evidence? In other words, does the evidence introduced on behalf of plaintiff tend to show that he lost his left hand within the meaning of the certificate of insurance? The term "accidentally" in a policy, it has been repeatedly held, is used in its ordinary and popular sense. United States Mutual Accident Association

v. Barry, 131 U. S. 100; North American Life & Accident Insurance Company v. Burroughs, 69 Pa. 43.

In Sheanon v. Pacific Mutual Life Ins. Co., 77 Wis. 618, it was held that the entire destruction of both a person's feet by paralysis, caused by an accidental pistol wound in the back, was within the provisions of an accident insurance policy, providing for the loss of two entire feet, notwithstanding they were not amputated from the body.

In Sneck v. Traveler's Ins. Co. of Hartford, 88 Hun 94, the plaintiff was injured by an accident. His insurance policy provided for the payment of certain sums if by certain enumerated causes he should lose an entire hand by severance. The evidence tended to show that about one-half of plaintiff's hand, anatomically considered, was cut off by a planer, but that the rest of the hand was absolutely useless. Plaintiff was nonsuited by the trial court. On appeal the Supreme Court of New York said that inasmuch as some men might conclude from the evidence that for all practical purposes to which a hand is adapted there was an entire loss of the use thereof; while others might consider that neither in its anatomical construction nor in its practical use as a hand was it entirely destroyed, the question was one of fact for the jury and it was erroneous for the court to decide it as a matter of law.

We are of the opinion that the phrase, "should lose a hand," used in section 1, article 12, of the constitution of the defendant association, in force when plaintiff received his certificate of insurance, was used in its ordinary and popular sense and does not mean that there should be a total destruction of the hand, anatomically speaking, but that the loss of the use of it for the purposes to which a hand is adapted would be a loss of it, within the meaning of section 1, supra, of the laws of the society. The physician who operated on his hand and treated it afterwards testified that it was lost in the sense that it was of no practical use. The evidence of

the plaintiff is such as to show that the hand is more a source of inconvenience and annoyance than of utility, and that for the purposes to which a hand is adapted it is practically useless. In the light of this character of evidence, we think the question of whether or not there was a loss of the hand was properly submitted to the jury.

The second question presented for solution is whether or not the contract of insurance must be interpreted by section 1, article 12, of the constitution in force at the time of its issuance or by the amendment of May, 1900. In his application for membership and insurance plaintiff agreed to conform in all respects to the constitution, laws, rules and usages of the order then in force or which might be adopted thereafter by the supreme council of the association. By reason of this agreement and a similar one in the certificate of membership and insurance it is contended that plaintiff is bound by section 106, article 13, supra, passed in May, 1900, and could not recover for the reason he had not lost his whole hand. In the case of Morton v. Supreme Council of Royal League, 100 Mo. App. 76, 73 S. W. 259 Judge Goode of this court made an exhaustive review of the authorities on this question, citing numerous cases in this and other States and conclusively demonstrated that the doctrine is well established that stipulations in a contract of insurance like the one in hand, to comply with future by-laws and regulations, mean the member will comply with such by-laws, rules and regulations as relate to his duties as a member of the association, but do not mean that the society may interfere with the essential provisions of the contract of insurance, and that it is powerless, by by-laws or otherwise, to change or modify the essentials of the contract of insurance without the express consent of the member. We adhere to this ruling and hold that the certificate of insurance is in nowise affected by section 106, article 13, supra.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur.