BUTLER et al. v. SUPREME COUNCIL A. L. H.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. LIMITATION OF ACTIONS—CONTRACT—VALIDITY.

. Under the direct provisions of Code Civ. Proc. § 414, it is competent for parties by written contract to limit the time for bringing an action thereon to a shorter period than allowed by the statutes in the absence of contract.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 59–61.]

2. FRATERNAL ORDER—CONTRACT OF INSURANCE—CONSTITUTION AND BY-LAWS AS PART.

The constitution and by-laws of a fraternal order, as they exist at the time of making a contract of insurance with a member, become, as matter of law, a part of the contract.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1854.]

3. SAME—AMENDMENT—EFFECT.

An amendment to the by-laws of a fraternal order, passed after making a contract of insurance with a member, enters into the contract only as consented to by the member.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1855.]

4. SAME—APPLICATION—CERTIFICATE—LIMITATION OF ACTION—STATUTE.

Where the application for membership in a fraternal order contained the agreement of the applicant to conform to the laws of the order in force or which might thereafter be adopted, and the certificate of insurance issued by the order promised to pay the amount thereof in consideration of a full compliance with the by-laws existing or thereafter to be enacted, a subsequent by-law limiting the time for bringing suit on the certificate to a shorter period than allowed by the statutes, in the absence of a contractual limitation, was not binding on the member's beneficiaries.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1855.]

Chase and Houghton, JJ., dissenting.

Appeal from Trial Term, Broome County.

Action by Cornelia W. Butler, as trustee for Cornelia Butler Lyon, and others, against the Supreme Council American Legion of Honor. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

This action is brought by the plaintiff, as trustee, against the defendant, to recover a balance remaining unpaid upon an insurance certificate issued by the defendant to one Charles Butler. It appears that the defendant issued the first certificate to said Charles Butler upon the 3d day of October, 1881, whereby it bound itself to pay to Cornelia W. Butler, the wife of said Charles Butler, a sum not exceeding $5,000, in accordance with and under the provisions of the laws governing said fund, "and provided also that this certificate shall not have been surrendered by said company and another certificate issued in accordance with the laws of this Order." This certificate was made upon condition that the said Charles Butler complied in the future "with the laws, rules and regulations now governing the said Council and Fund, or that may hereafter be enacted by the Supreme Council to govern said Council and Fund." Upon August 4, 1888, this certificate was surrendered, and a request for a new certificate issued, payable to Cornelia W. Butler. Upon 30th August, 1888, such new certificate was issued by the said company. The contracting clause thereof, in part, read as follows: "In consideration of the full compliance with all the by-laws of the Supreme Council, A. L. of H., now existing or hereafter adopted and the conditions herein contained, the Supreme Council, A. L. of H. hereby agrees to pay Cornelia W. Butler, wife, Five

thousand dollars, upon satisfactory proof of death, while in good standing upon the books of the Supreme Council of the Companion herein named, and a full receipt and surrender of this Certificate." Upon May 2, 1891, the said Charles Butler surrendered this certificate, and requested the issuance of another to Cornelia W. Butler, his wife, in trust for his said six children. Pursuant to said request, upon the 1st day of July, 1891, the third certificate was issued, which contained the same statement of contract as appeared in the second certificate, except that the agreement in this certificate was to pay to Cornelia W. Butler, wife, in trust for the said children. On the 30th day of March, 1901, the said Charles Butler died, leaving, him surviving, his said wife and the said six children, except one thereof, who had died intestate, unmarried, without issue. The by-laws of the said company provided that the surviving beneficiaries under said policy are entitled to recover the amount of said certificate which was payable to the said deceased child. Due notice and satisfactory proofs of the death of said Charles Butler were given to the defendant upon July 18, 1901. The said Charles Butler had paid all dues and assessments and complied with all the terms and requirements of said contract of insurance at the time of his death. At the time of the issuance of said certificate there was in the by-laws of the defendant no time limitation within which an action must be brought or maintained against the defendant. After the issuing of said certificate to said Charles Butler, and in or about October, 1899, the defendant amended its by-laws by inserting what is known as section No. 68, which reads as follows: "No action at law or in equity, in any court, shall be brought or maintained, or any cause or claim arising out of any membership or benefit certificate, unless such action is brought within one year from the time when such action accrues. Such right of action shall accrue 90 days after all proofs called for, in case of death of a member, shall have been furnished. In all cases where no proof of death has been furnished by a beneficiary, as required within 12 months after such death, all claims that might have been made shall be regarded as abandoned, and no proof shall thereafter be received, or any claim made thereon." On or about November 1, 1901, the defendant paid to the plaintiff herein the sum of $1,900 on said benefit certificate of insurance, and said certificate was delivered by said plaintiff to the defendant. Said $1,900 was not accepted and received by said plaintiff in full satisfaction of all claims and moneys due under said certificate. The trial court held, as matter of law, that after the issuance of the said benefit certificate of insurance to said Charles Butler the defendant had no power to amend its by-laws so as to create a short statute of limitation within which the plaintiff must commence his action; that the said attempted amendment is not retroactive, and does not affect or apply to certificates previously issued, and does not apply to said certificate issued to said Charles Butler, as said certificate was issued prior to the date on which said by-law was enacted; that, said Charles Butler being at the time of his death in good standing, the plaintiff became entitled to recover from the defendant, 90 days after furnishing satisfactory proofs of death upon said certificate, the sum of $5,000, for which sum, less the $1,900 paid, with interest from October 18, 1901, judgment was directed for the plaintiff. From the judgment entered upon this decision the defendant has here appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Henry A. Powell, for appellant.

Jenkins & Page (Maurice E. Page, of counsel), for respondents.

SMITH, J. The appellant urges two grounds of reversal: First, that there was an accord and satisfaction of the defendant's liability under the policy; second, that the action was brought too late. Upon the appellant's first objection the proof fails to show any agreement to compromise the claim. On the other hand, such an agreement is specifically negatived by what occurred on the occa-

sion of the payment of the $1,900 upon the policy. Moreover, it is doubtful if the payment of an amount concededly due would be a valid consideration for an agreement on the part of the plaintiff to forego the balance of her claim.

The defendant's main contention, however, is upon its second objection. After Charles Butler had taken out his third certificate, and prior to his death, the defendant's by-laws were amended so as to provide a short statute of limitations of a year, within which actions upon claims should be brought. Assuming, for the argument, that this by-law can be so construed as intended to govern actions upon policies theretofore issued, it is ineffective to govern actions upon such policies unless by distinct agreement between the defendant and the holder of the certificate. By chapter 4 of the Code of Civil Procedure is provided rules governing the times within which actions shall be brought. By section 414 therein, the rules of limitation specified in such chapter are applied to all civil actions or special proceedings, with certain exceptions. One of those exceptions is specified in subdivision 1 thereof, which reads as follows:

"A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties."

That a shorter limitation cannot be prescribed, except by written contract of the parties, is held in Cox v. Fire Assurance Association, 48 N. J. Law, 53, 3 Atl. 122. In that case the headnote reads:

"A plea setting up a by-law of an insurance company to the effect that if the president of the company should cause notice in writing given to the insured that the company declines an arbitration, or to pay loss without suit, the insured must bring suit within six months, or be barred, is bad, unless it alleges that such by-law was adopted before the contract of insurance was made."

That case arose upon a demurrer to the defendant's plea setting up an amendment of the by-laws providing a short statute of limitations. In that plea there was no statement of any contract with the plaintiff to be bound by any amendment to the by-laws made after the making of the contract of insurance. The constitution and by-laws of the defendant association, as they existed at the time of the making of the contract, became, as matter of law, a part of the contract. An amendment thereafter passed entered into the contract only as consented to by the certificate holder.

These rules of law will probably not be questioned by the appellant's counsel. His contention is that the holder of the certificate has expressly stipulated that both he and his beneficiaries shall be bound by any amendment to the by-laws thereafter to be made.

In the application for membership the certificate holder agreed "to conform in all respects to the laws, rules and usages of the order now in force, or which may hereafter be adopted." In the certificate itself the agreement to pay is made upon satisfactory proof of death, "in consideration of the full compliance with all the by-laws of the Supreme Council, A. L. of H., now existing or hereafter adopted and the conditions herein contained."

Before discussing the effect of this stipulation or condition, it may be well to refer to a general rule of construction of insurance contracts. The rule is thus stated in Abbott's Cyc. Dig. vol. 8, page 26:

"Where the meaning of a policy of insurance is not entirely plain, and where it is capable of two constructions—one involving a forfeiture, and the other being fair and reasonable, and supporting the obligation of the policy against the insurer—that construction is preferred by the courts which does not involve the forfeiture, not only because it is not so harsh, but also because, if the language is doubtful, it is that employed by the insurer, and should be taken most strongly against him." Citing Griffey v. N. Y. C. Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; Holly v. Metropolitan Life Ins. Co., 105 N. Y. 437, 11 N. E. 507, and other authorities.

Assuming the application to be a part of this contract, the agreement of the certificate holder to conform to the laws in force, "or which may hereafter be adopted," is in the nature of a personal covenant. It would be a strained construction which would, under such a stipulation, hold the beneficiary bound by an amendment which would abridge his right then existing under the contract to the full six-years statute of limitations. It has been held by good authority that such a provision relates "only to his duties as a member of the association." Sisson v. Supreme Court of Honor (Mo. App.) 78 S. W. 297. The stipulation of Charles Butler to conform to all the laws of the association then existing or thereafter enacted has been fully performed, and, within that stipulation, it cannot be held that his contract has been so changed as to impose upon his beneficiary the duty to bring an action within a year, as provided by the amendment to the by-laws passed after the certificate was issued.

The condition of the contract itself, however, would seem to be broader than the stipulation contained in the application. The promise to pay made in the certificate is in consideration of a full compliance with the by-laws existing or thereafter to be enacted. That condition would seem to contemplate a compliance with such by-laws both by the certificate holder and by his beneficiary. The promise to pay is upon receipt of satisfactory proofs of death. At that time, when the liability accrued, both the certificate holder and the beneficiary had in fact complied with all the requirements of the by-laws in force when the certificate was issued, and with all the amendments thereto. All conditions precedent to defendant's liability had been fulfilled. I can find no agreement to bring suit within a year if defendant should deny its just liability. Defendant's interpretation of the contract is to pay upon compliance with the requirements of the by-laws and amendments at the time liability accrued, and also to comply with all amendments to the by-laws limiting plaintiff's time to sue if liability be unjustly denied. Such an interpretation would, I think, be unnatural and forced, and, as in this case it works a forfeiture, is one which the courts will not adopt. The condition is fairly fulfilled when all obligations are met which are made a condition precedent of the original liability. The terms of this agreement were dictated by the defendant, and

should not be extended to include what was not clearly and un-mistakably contemplated by the parties. As to the remedy of these beneficiaries, therefore, left to them after the wrongful denial of liability by the defendant, the contract is governed by the by-laws in force at the time of the making of the contract. Under those by-laws, no short statute of limitations existed, and the plaintiffs' action was brought within the time allowed by law.

The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur, except CHASE and HOUGHTON, JJ., who dissent.