(68 Misc. Rep. 558.)

### HAYES v. NEW YORK LIFE INS. CO.

(Supreme Court, Special Term, New York County. June 20, 1910.)

1. INSURANCE (§ 186*)—LIFE—SUIT—PREMIUM—PAYMENT—PROMISSORY NOTE.
    In an action on a life insurance policy which had been forfeited for failure to pay a note given for a premium, it could not be contended that the note constituted payment, for, at most, it was merely prima facie pay-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment, which was rebutted by the fact that insured had applied for reinstatement of the policy on the failure to pay the note, and had accepted the money which he had deposited on his application for reinstatement, and which had been returned to him on the failure of such application, thereby showing the intention of the parties, which is the test to be applied in such cases.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 398; Dec. Dig. § 186.*]

2. INSURANCE (§ 146*)—LIFE—POLICY—CONSTRUCTION.

Where, in the construction of an insurance policy, the language is not plain, the court will prefer a construction sustaining the policy rather than one that would work a forfeiture.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 295; Dec. Dig. § 146.*]

3. INSURANCE (§ 367*)—LIFE—PREMIUM—FAILURE TO PAY—EXTENDED INSURANCE.

Where a note which was given for a premium on a life insurance policy stipulated that all claims to further insurance and all benefits whatever, except as otherwise provided in the policy, should be forfeited on failure to pay the note, yet on such failure the insured could have the extended insurance provided for in the policy in case of default in the payment of the premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*]

4. INSURANCE (§ 367*)—LIFE—FAILURE TO PAY PREMIUM—EXTENDED INSURANCE—WAIVER.

Where an insured failed to pay his premium on his life policy, and applied for a reinstatement as provided in the policy, such application, if refused, was not a waiver of his claim for extended insurance, as allowed by the policy on such failure of payment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*]

5. INSURANCE (§ 367*)—LIFE—FAILURE TO PAY PREMIUM—SURRENDER OF POLICY.

Where a life insurance policy provided that the insurance would, on repayment of any indebtedness, be extended on default in the payment of a premium, but that, in case there was a loan, the premium must be paid within one month after due, else the policy might be canceled for its cash surrender value, failure to pay the premium, when there was a loan which insured did not pay, warranted cancellation of the policy as stipulated.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 935, 938; Dec. Dig. § 367.*]

Action by Lillian B. Hayes against the New York Life Insurance Company. Judgment for defendant.

Guggenheimer, Untermeyer & Marshall (Louis Marshall and Abraham Benedict, of counsel), for plaintiff.

James H. McIntosh, for defendant.

LEHMAN, J. The plaintiff herein was the assignee of a policy of insurance upon the life of her husband, Ephraim B. Hayes. The policy was dated April 16, 1898, and the premiums were regularly paid upon the policy from that date until the 16th day of April, 1903. On that date a quarterly premium of $70.95 was due and the insured

paid the sum of $16.95 in cash and gave the defendant a note made by himself and the plaintiff jointly which reads as follows:

"Pol. 858512.                                    April 16, 1903.

"Without grace, two months after date I promise to pay to the order of the New York Life Insurance Company fifty-four $^{00}/_{100}$ dollars at Central National Bank, New York City. Value received, with interest at the rate of 5 per cent. per annum.

"This note is given in part payment of the premium due April 16, 1903, on the above policy, with the understanding that all claims to further insurance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company, if this note is not paid at maturity, except as otherwise provided in the policy itself."

This note was not paid on the 16th day of June, 1903, the day that it became due, probably because the insured was in ill health and the weather was inclement. On the next day, however, the insured offered to pay the premium, but payment was refused on the ground that the policy had lapsed for nonpayment of the note on the day of its maturity. The policy contained a provision that it could not be forfeited after three full years, which had already elapsed, and by its terms the company was bound either to indorse upon the policy the amount of paid-up insurance specified in the contract less the value of any indebtedness on the policy, or after repayment of any indebtedness to extend the policy without request during a term also specified in the contract.

The policy also contained a provision that the policy should be reinstated on written application therefor within six months after nonpayment of any premium subject to evidence of good health satisfactory to the company and payment of premiums to date of reinstatement with interest at the rate of 5 per cent. per annum. Relying upon this provision, the insured upon the same day signed an application for reinstatement, and paid the sum of $20.45 in cash, and gave a further note for $34, payable on July 6, 1903, in the same form as the note for $54, made on April 16, 1903; the cash payment and the note amounting together to the sum due on the note of April 16th, with interest. He was examined by the company's examiner on the same day and found not qualified for reinstatement. He then said that he would call again for examination on July 15th. He did not call again at that date nor at any time thereafter, apparently because his health had become so bad that he was obliged to leave the city and to seek a dryer climate. On August 26, 1903, the company sent him an order for $20.45, being the amount deposited upon the application for a reinstatement of the policy and also returned the note for $34 made at the same time. The insured cashed the order and retained the note without protest. The policy was at this time in the possession of the company as security for a loan of $460. The loan agreement contained a clause:

"That the repayment of said loan, with accrued interest, shall, without further action, cancel and annul this agreement, and that thereupon the Company will return said policy, duly released, to said party of the second part. * * * That in the event of default in payment of said interest, or of any premium on said policy, for one month after they shall respectively become due, said party of the first part (the Company), which is hereby irrevocably

appointed attorney for that purpose, is hereby authorized at its option to cancel said policy and its accumulations, for the customary cash surrender value then allowed by said party of the first part for the surrender of policies of this class, said party of the first part in that case being liable to said party of the second part for the return of the balance only of said cash surrender value, after deducting said loan and accrued interest."

On September 26, 1903, the company notified the insured that, since he had made default in the payment of the premium due on said policy, it had canceled the said policy in accordance with the loan agreement for the customary cash surrender value, and that the cash surrender value was $635, the amount of the loan of $460, leaving a balance of $175, and, in addition, a balance of interest paid in advance of $19.15, and it inclosed a check for the sum of $194.15. The insured apparently deposited this check but never cashed it. The insured died on July 14, 1904. During the intervening months, he apparently in no way expressed any dissatisfaction with the acts of the company. On August 16, 1904, however, the attorneys for the plaintiff herein offered to return the check to the company.

Upon these facts the plaintiff seeks to have the policy reinstated and enforced as a valid and subsisting contract of insurance and to recover the sum of $5,000 due by its terms upon the death of the insured. Her complaint sets forth two causes of action. The first cause of action is based upon the theory that the defendant never exacted punctual payment of premiums from the insured, and that, in reliance upon the custom and practice of the company, the insured had deferred making prompt payment on account of illness, but had thereafter paid it by cash and note. I do not think that much attention need be given to this cause of action. Upon the trial the plaintiff produced no evidence showing any custom or practice of allowing the insured to defer payment except by giving a premium note, and no custom or practice of allowing payment of the premium note to be deferred was shown. The second cause of action is based on the theory that the insured by the payment of premiums for five years had gained the absolute right of having the policy extended beyond the date of his death, and that, notwithstanding the terms of the premium note and of the loan agreement, the company had no right to cancel the policy for nonpayment of the premium due on April 16, 1903. The plaintiff also urges, though she did not so plead, that the premium due on April 16th was in fact paid by the note of that date, since that note was a joint note of both the insured and the beneficiary. Aside from the fact that no motion was made to conform the pleadings to the proof, I find no merit in the argument. At most, such a note, even though regarded as the note of a third party, would be prima facie a payment; but this prima facie case may be rebutted by the surrounding circumstances. The test of whether or not the note constituted a payment is the intention of the parties. In this case we have the fact that the insured recognized that he had not paid his premium by applying for reinstatement; furthermore, he accepted the return of the money and the note which he had given as an adjustment of this note, and especially we have the fact that the plaintiff has expressly based her complaint upon the theory that no premium

was paid. Certainly the court should not disturb the interpretation which the parties themselves have put upon their acts, and I find that the note given on April 16, 1903, constituted no payment of the premium.

The question then remaining is whether under a fair interpretation of the policy, the premium note, and the loan agreement, read together, the company had a right to cancel the policy upon this default. It is a canon of construction of contracts of insurance that "in cases where the meaning is not entirely plain, and where it is capable of two constructions, one involving a forfeiture and the other being fair and reasonable and supporting the obligation of the policy against the insurer, that construction is preferred by the courts which does not involve the forfeiture"; but, if the language is plain and susceptible of but one meaning, that meaning even in case of contracts involving life insurance must control, though a forfeiture shall be the result. Holly v. Metropolitan Life Ins. Co., 105 N. Y. 437, 442, 11 N. E. 507.

Applying this rule of construction to the present facts, I find that the company had a right to cancel the policy under its loan agreement. The policy was by its terms not subject to forfeiture, but nevertheless the payment of the premium was a part of the contract and the obligation of the company continued thereafter only in accordance with the nonforfeiture provisions. I cannot agree with the contention of the defendant that the benefit of these provisions was forfeited by failure to pay the premium note. While this note constituted a valid contract and all its terms must be enforced, it seems to me that it would be a forced construction to hold that it provides for the forfeiture of any right previously secured by the insured. It expressly provides that:

"All claims to further insurance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited, * * * except as otherwise provided in the policy itself."

The policy itself provided for an extension if the premium was not paid. The right to this extension was absolute. No further rights could be gained by giving the note, but none were lost thereby. In this respect this case is entirely different from the case of Holly v. Metropolitan Life Ins. Co., supra. In that case by its terms the contract was expressly made subject to forfeiture for nonpayment of premium, but provided that upon surrender of the policy within 30 days the company would issue a paid-up policy. The insured then gave a premium note of somewhat similar form to the one under consideration, and failed to pay it at its maturity. By that time the 30 days had elapsed and the court held that no new rights were gained by giving the note. In this case there was no limit placed upon the giving of the extended insurance; in fact, under proper circumstances, the insurance was extended automatically. I therefore find that on June 17, 1903, the insured had the same rights to extended insurance as if he had never given the premium note. I also find that he waived no rights by applying for a reinstatement, since that act was in no wise inconsistent with his claim for extended insurance, if

the reinstatement were refused. I find, however, that the nonforfeiture provisions are expressly based upon the payment of any indebtedness due to the company. The second clause upon which the plaintiff now relies states that the policy will, "after the payment of any indebtedness," be extended. By the third clause such extended insurance was to be "without loans." It seems to me that the parties by their contract agreed that the policy was satisfactory security for loans as long as it was continued in its original form; that, so soon as by nonpayment of premium the original contract was terminated, it no longer represented a satisfactory security; and that, to secure the extended insurance, the insured was bound to pay the debt which he owed the company, and that, if that debt was not promptly paid, the company had a right to cancel the policy for its surrender value. It did cancel the policy in this case, and sent the insured a check for the amount of the surrender value in excess of the amount due to it. I find nothing inequitable in such a surrender. On the contrary, it was exactly what the parties had agreed that the company could do under these circumstances. The insured could have paid his loan from the company, and then demanded an extended insurance. He not only did not offer to pay the loan, but he in no way repudiated the act of the company. If he could remain silent and obtain the benefit of the extended insurance, then he was in a position to obtain that insurance with the loan, although the contract expressly provided that it should be without loans.

Judgment for the defendant dismissing the complaint on the merits.