MRS. LAWRENCE V. MOUTON

versus

NEW YORK LIFE INSURANCE COMPANY

NO. 8301

COURT OF APPEAL

PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

December 11, 1922.

Court of Appeal,
PARISH OF ORLEANS

FILED

DEC 11/22

8301

614

BY: WILLIAM A. BELL, JUDGE:

The plaintiff as beneficiary under an insurance policy issued on the life of her deceased husband, for the sum of $2,000, sues defendant for said amount. From an adverse judgment, plaintiff appeals.

There is no contention as to the material facts mainly disclosed by documentary evidence. Testimony by depositions taken on behalf of the defendant, is found upon examination to be of little value save to establish the dates upon which certain premium payments were made by George Clinton Mouton, the insured.

The policy in question is an ordinary life insurance and investment policy in effect as of January 15, 1906, upon which date the first annual premium of $105.82 was paid. The insured also made two other premium payments of like amounts, one on January 15, 1907, and another on January 15, 1908. On the due date of the fourth annual premium, to wit: January 15, 1909, same was not paid. Under the terms of the policy it is provided that one insured at age "52 years" (Mouton's age) having paid premiums for three years, as did he, and having defaulted in payment of premium for the fourth year, the insurance would be extended one year and four months from date of default.

These facts all having arisen in the instant case, it follows as an indisputable fact that the policy, under term insurance, was extended automatically to May 15, 1910. It also appears from the provisions of the policy that had the insured paid the fourth annual premium on January 15, 1909, and defaulted in payment on the fifth annual payment, to wit: January 15, 1910, that the policy would have been extended automatically as term insurance, one year and eleven months from date of the default on the fifth premium payment, or, in other words, that the policy would not have terminated except by ad interim death of the insured, until November 15, 1911.

There is no authentic proof in the record of the insured's death, but plaintiff, by supplemental petition, alleges the same to have occurred on October 24, 1911. It is con-

615

clusively proven that no other premium payments were ever made, save the three heretofore stated, and that the insured defaulted in his payments on the fourth, fifth and sixth annual premiums falling due respectively on January 15, 1909, January 15, 1910, and January 15, 1911.

It is contended, however, and the plaintiff so alleges, that the fourth premium payment was paid on its due date, to wit: January 15, 1909, in cash, $26.82, and by certain note of the insured for $79.00. Upon this allegation - not borne out by the facts as we find them - it is argued that though no other premiums were subsequently paid, the automatic term insurance as stipulated in the policy extended the life of the policy to November 15, 1911 - a period beyond the death of the insured.

The sole issue for determination is whether the transaction above referred to, and which occurred between the insured and the defendant, on January 15, 1909, in any manner effected the contract of insurance herein sued upon. Defendant admits that the policy was dated January 15, 1906 (not January 15, 1907, nor February 15, 1907, as alleged in plaintiff's petition and supplemental petition) but denies that premiums were paid for four years. It further alleges that three premiums were paid carrying the policy to January 15, 1909, the due date of the fourth premium payment, but denies that any part of the fourth premium was ever paid by cash or note, though in fact, it did, on January 15, 1909, receive from George Clinton Mouton, the insured, $26.82 in cash, under and in accordance with a certain written contract or agreement known as a "blue note," reading as follows:

"Pol.No.2255223                    Rayne,La., 1/15,1909.

ON OR BEFORE July 15, 1909,
after date, without grace, and without demand
or notice, I promise to pay to the order of
the NEW-YORK LIFE INSURANCE COMPANY, SEVENTY-
NINE Dollars at Whitney-Central National Bank,
New Orleans, La., value received, with inter-
est at the rate of five per cent per annum.
This note is accepted by said Company at the
request of the maker, together with $26.82
Dollars in cash, on the following express agree-
ment:
          That although no part of the pre-
mium due on the 15th day of Jan., 1909, under
Policy No. 2255913 issued by said Company on
the life of G.C. Mouton has been paid, the in-
surance thereunder shall be continued in force

until midnight of the due date of said note; That if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said Company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; That if this note is not paid on or before the day it becomes due, it shall thereupon automatically cease to be a claim against the maker, and said Company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made; That said Company has duly given every notice required by its rules or by the laws of any State in respect to said premium, and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive, and does hereby waive every other notice in respect to said premium or this note, it being well understood by said maker that said Company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms.

Name............(Name) G. Clinton Mouton,
Address.........(Address) Rayne, La."

$79.00

The defendant cashier at New Orleans, La. upon receiving the above cash and note, gave the insured a written duplicate receipt therefor, reading as follows:

"NEW YORK LIFE INSURANCE COMPANY
346 and 348 Broadway, N.Y.

Received from G. CLINTON MOUTON, $26.82, in cash and a note for $79.00 dated the 15th day of January, 1909, due on or before July 15th, 1909, after its date, with interest at the rate of five per cent per annum, without grace, and without demand or notice, payable at Whitney-Central National Bank in the City of New Orleans, La. in the State of Louisiana.

Said note is received by the NEW YORK LIFE INSURANCE COMPANY at the request of the maker and is held by said Company together with said cash on the following express agreement, which forms a part of said note:

'That although no part of 'the premium due on the 15th day of 'January, 1909, under Policy No. '2255923, issued by said Company 'on the life of G. Clinton Mouton 'has been paid, the insurance there- 'under shall continue in force until 'midnight of the due date of said 'note; That if this note is paid 'on or before the date it becomes due 'such payment, together with said cash, 'will then be accepted by said Company 'as payment of said premium, and all 'rights under said policy shall there- 'upon be the same as if said premium

617

'had been paid when due; That if
'this note is not paid on or be-
'fore the day it becomes due, it
'shall thereupon automatically cease
'to be a claim against the maker,
'and said Company shall retain said
'cash as part compensation for the
'rights and privileges hereby granted,
'and all rights under said policy shall
'be the same as if said cash had not
'been paid nor this agreement made;
'That said Company has duly given every
'notice required by its rules or by the
'laws of any State in respect to said
'premium, and in further compensation
'for the rights and privileges hereby
'granted the maker hereof has agreed
'to waive, and does hereby waive every
'other notice in respect to said pre-
'mium or this note, it being well un-
'derstood by said maker that said Com-
'pany would not have accepted this
'agreement if any notice of any kind
'were required as a condition to the
'full enforcement of all its terms.

NEW YORK LIFE INSURANCE CO.,

By E.O. Toombs, Cashier."

There being no dispute that the signature at-
tached to the original note, as above described, is that of the in-
sured, the admission or declaration therein made to the effect
"that no part of the premium due on January 15, 1909 has been paid,"
is conclusive of this all important fact, and in the absence of
allegations and proof of fraud or error, same cannot be questioned
by one claiming under the policy. It follows, therefore, that there
could not have been any automatic term insurance extending the po-
licy to November 15, 1911, or until death of the insured on October
15, 1911, unless - despite the declarations contained in the note -
it can be held that the payment of the cash and the giving of the
note was a payment in full of the fourth premium due January 15,1909.

Such construction would be abhorrent to the
law of the contract as stipulated in the policy which specifically
provides that the insurance will automatically continue "if there
is no indebtedness to the Company," a fact definitely declared to
the contrary in the note itself

618

The contention of plaintiff by which recovery is sought, can only be predicated upon the theory of novation under Revised Civil Code, Art. 2185, whereby an existing obligation is substituted by a new one in its place, but this can occur only where the old debt is extinguished by the new, and the intention so to do clearly results from the terms of the agreement, fully discharging the original·debt. Such intention cannot be presumed. Rev. C.C. Arts. 2187,2189,2190. As just observed, there was not only no express intention to novate the obligation due for the fourth premium of insurance, but special declarations in the "blue note" and the receipt therefor clearly pronounce against such intention.

Counsel for plaintiff cites with confidence the decision of Lawrence v. Penn Mutual Life Insurance, 113 La. 87, as authority against an insurance company's accepting a note in payment of a first premium, and subsequently forfeiting the policy or treating it as null without notifying the insured that such has been done because of his failure to meet the note at maturity. The facts in the cited case are clearly not applicable to conditions which have arisen in the instant case, particularly for the reason that in the "blue note" signed by Mouton, it is provided in most positive and unambiguous language as follows:

> "That said Company has duly given every notice required by its rules or by the laws of any State in respect to said premium, and in further compensation for the rights and privileges hereby granted, the maker hereof has agreed to waive, and does hereby waive every other notice in respect to said premium or this note, it being well understood by said maker that said Company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms."

In Lawrence v. Penn Mutual Life Insurance Co., it is plainly indicated what the ruling would have been had the facts there been similar to those now before us, for the Court said even in that case, the following, viz:

> "If the company takes it as its own and approves his act, it is to be viewed in the light of having possession of a note which it accepted in payment of premium due on the policy. Unless it be stipulated in the policy, or in some way in the contract of insurance, that forfeiture is to be immediate in event

the note is not paid, no such result can
follow its non-payment. The power to
forfeit or cancel must be 'nominated in
the bond.' Here no such consequence was
stipulated."

The judgment of the trial court dismissing
plaintiff's petition is justified by abundant authority found in
the jurisprudence of the highest courts of other states, where
similar notes under like conditions have been construed as in no
manner qualifying the terms or conditions of the original contract
of insurance stipulated in the policy. - White v. N.Y.Life Insurance
Co., 200 Mass. 512; Holly v. Metropolitan Ins. Co. 105 N.Y. 437;
Baker v. Union Insurance Co., 43 N,Y. 283; Bank of Commerce v. New
York Insurance Co., 125 Ga. 522; Slocum v. New York Life Insurance
Co., 228 U.S. 364.
It is therefore ordered, adjudged, and decreed,
that the judgment herein appealed from be, and the same hereby is
affirmed, at plaintiff's cost.

JUDGMENT AFFIRMED.